[Moore v. The State.]

# Moore *v.* The State.

## *Indictment for Gaming.*

1. *The act conferring jurisdiction of circuit court upon probate judge of Perry county, constitutional.*—The act entitled, "An act to confer jurisdiction upon the probate judge of Perry county, concurrent with the Circuit Court, with authority to hold court at Uniontown, Alabama," approved, February 13, 1879 (Pamph. Acts, 1878–9, 231), is constitutional.

2. *Witness; how discredited.*—It is competent to discredit a witness by attacking his general reputation or character; but particular, independent facts can not be introduced in evidence for that purpose. Hence, a question propounded to a witness, which seeks, for the purpose of impeaching the testimony of another witness, to prove that the latter had been indicted for, or charged with burglary, and that he sought to evade arrest, is inadmissible.

3. *Charge of the court; when invasive of province of the jury.*—Where the character of a witness is assailed, or he is otherwise impeached as being unworthy of credit, it is entirely within the province of the jury, as exclusive judges of the facts, to say what degree of weight or credibility shall be given to his testimony, and the court can not instruct the jury, as matter of law, that they can not convict on such testimony, unless it is corroborated.

APPEAL from Perry Circuit Court.

Tried before Hon. JOHN MOORE.

The appellant was indicted for gaming by a grand jury organized at the November Term, 1879, of a court established by an act of the General Assembly, entitled, "An act to confer jurisdiction upon the probate judge of Perry county, concurrent with the Circuit Court, with authority to hold court at Uniontown, Alabama," approved February 3, 1879 (Pamph. Acts, 1878–9 p. 231). On 9th February, 1881, this act was repealed, and under the provisions of the repealing act, this cause was transferred to the Circuit Court. Pamph. Acts, 1880–1 p. 272. The appellant demurred to the indictment on the ground, that the act establishing the court in which the indictment was found, was unconstitutional. The court overruled the demurrer, and the cause was tried on the plea of not guilty. On the trial three witnesses were examined on behalf of the State, whose testimony tended to show that the appellant was guilty of the offense charged against him. The appellant then introduced witnesses, who testified that they knew the general reputations of two of the witnesses for the State, that their general reputations were bad, and that

[Moore v. The State.]

they would not believe either of them on oath.   The appellant then offered to prove by one Otey, that Ayres, one of the witnesses for the State, whose general reputation had been impeached, was at a specified time indicted for, or charged with burglary, and that he hid out or left the place where he was living.   On the objection of the State, the court refused to allow the appellant to make the offered proof, and he excepted.   The appellant asked the court in writing to charge the jury as follows:   " The testimony of a witness for the prosecution, who is shown to be unworthy of credit, is not sufficient to justify a conviction without corroborating evidence, and such corroborating evidence, to avail anything, must be of a fact tending to show the guilt of the defendant."   The court refused to give this charge and the appellant excepted.

J. W Bush, and A. D. Pitts, for appellant.

H. C. Tompkins, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The indictment in this case was found by a grand jury organized under the provisions of an act of the General Assembly, entitled, " An act to confer jurisdiction upon the probate judge of Perry county, concurrent with the circuit court, with authority to hold court at Uniontown, Alabama," approved February 13, 1879. Session Acts 1878–79 pp. 231-34.  The defendant, by demurrer to the indictment, assails the legality of the grand jury on the ground of the alleged unconstitutionality of this act.

The constitutional authority of the legislature to establish such an " inferior court " within any county, city or district in the State, has long been settled by the decisions of this court, and can now no longer be questioned.—*Sanders v. The State*, 55 Ala. 42 ; *Nugent v. The State*, 18 Ala. 521 ; Const. 1875, Art. 6, §§ 1, 13 ; *Davis v. The State, ante*, 58 ; *Williams v. The State*, 61 Ala. 33 ; *Connelly v. The State*, 60 Ala. 89.

Nor can it be objected, that the judge of the probate court is authorized by the act in question to preside in such inferior court, in as much as he is a judicial officer, having been elected by the people under the jurisdiction of the court which is thus established.   This point has been twice adjudged by the past decisions of this court, to which mere reference without discussion is all that is desirable.—*Balkum v. The State*, 40 Ala. 671 ; *Randolph v. Baldwin*, 41 Ala. 305.

[Borden v. Bradshaw.]

The act is plainly constitutional, and the grand jury, by which the indictment was found, was regularly and legally organized under its provisions.

It is competent to discredit a witness by attacking his general reputation or character, but particular independent facts can not be introduced in evidence for this purpose.—1 Whart. Law Ev. § 562 ; *Nugent v. The State*, 18 Ala. 521. The question, therefore, propounded to the witness Otey, on direct examination, for the purpose of impeaching the witness Ayres, as to the latter's being indicted for, or charged with burglary, and seeking to evade arrest, was properly excluded from the jury by the court below. Greater latitude, however, is allowable on cross-examination.—*Ingram v. The State*, 67 Ala. 67.

The charge requested by the defendant and refused by the court, was not a proper exposition of the law, and was rightly refused. When the character of a witness is assailed, or he is otherwise impeached as being unworthy of credit, it is entirely within the province of the jury, as the exclusive judges of the facts, to say what degree of weight or credibility shall be given to his testimony. It does not lie in the mouth of any court to instruct the jury, as matter of law, that they can not convict on such testimony, unless it is corroborated. It is to be assumed, that they will, in forming their verdict, accord to all evidence only such weight as a sense of justice and a conscientious regard for their sworn duty shall authorize.—*Grimes v. The State*, 63 Ala. 166 ; *Addison v. The State*, 48 Ala. 478.

The judgment of Circuit Court is affirmed.