[Wilson v. The State.]

# Wilson *v.* The State.

## *Indictment for Seduction.*

1. *Seduction; when indictment sufficient.*—An indictment for seduction under the statute (Code of 1876, § 4188, Pamph. Acts, 1880–81, p. 48), charging, in the language of the statute, that the defendant, "by means of temptations, deceptions, arts, flattery, or a promise of marriage, seduced," etc., being in conformity to the forms of indictments prescribed by the Code, and corresponding to the general rule of the common law, that such offenses ought to be stated or described in the words of the statute creating or defining them, is sufficient, although it does not charge the facts as to the means employed by the defendant to accomplish the seduction.

2. *Same; prosecutrix can not testify to motive prompting her to sexual intercourse.*—In seduction, it is not permissible for the prosecutrix to testify that she did not willingly yield to the embraces of the defendant, or that she yielded in consequence of a promise of marriage, or of any act or declaration of the defendant; that being a matter of inference or deduction to be drawn by the jury, from facts and circumstances proved or presumed, and not a fact to which a witness may testify.

3. *Same; when proposition of adjustment inadmissible against defendant.*—Nor is it permissible, in a prosecution for seduction, for the State to prove that the defendant was accused of the seduction, and, with knowledge of the accusation, sought an adjustment with the prosecutrix, where the fact of the accusation rested in mere hearsay, and the proposition for an adjustment did not embody or embrace an admission or confession of guilt.

4. *Same; chastity necessary element of the offense.*—The word *seduce,* as found in the statute against seduction, importing not only illicit sexual intercourse, but also a surrender of the woman's chastity, the existence of that virtue, at the time of the intercourse, is a necessary ingredient of the offense.

5. *Same.*—"By this it is not, however, intended that the woman, who may have at some time fallen, can not be the subject of seduction. That may be true, and there may be reformation; and, at the time she yields to the man's embraces, she may have the virtue of chastity, not in the high degree of the woman who has not strayed, but yet, within the meaning of the statute, entitling her to its protection."

6. *Same; corroboration of prosecutrix.*—Under the statute providing that a conviction can not be had for seduction on the "uncorroborated testimony of the female upon whom the seduction is charged," the corroboratory evidence is sufficient, if it extends to a material fact, and satisfies the jury that the woman is worthy of credit. (*Cunningham v. The State, ante,* p. 51, adhered to and followed on this point.)

7. *Same; burden of proof as to chastity.*—The statute creating the offense of seduction, as amended, declaring that "no conviction shall be had under this section, if, on the trial, it is proved that" the female averred to have been seduced "was, at the time of the alleged offense, unchaste," chastity will be presumed, if there be not evidence to the contrary; but if there be evidence to the contrary, a reasonable doubt as to the chastity of the woman is as fatal to a conviction, as is the existence of such doubt in reference to any other material fact.

[Wilson v. The State.]

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

The appellant, defendant in the lower court, was indicted for the offense of seduction, and was convicted and sentenced to imprisonment in the penitentiary for four years. On the trial, the prosecutrix, the unmarried female with whose seduction the defendant is charged, was examined as a witness, who testified that the defendant had sexual intercourse with her, and that she yielded to his embraces, on his promise of marriage, in November, 1881; that she became pregnant and the defendant obtained for her medicine for the purpose " of procuring an abortion by bringing on her monthly sickness;" that she gave birth to a child, and the defendant was the father of it; and that the defendant gave her "his picture," and wrote her several letters, all of which were in evidence. The defendant, in testifying under the statute, admitted the fact of sexual intercourse, but denied the promise of marriage, or " any other promise to induce her to submit herself to him," or that he had " ever, upon any occasion, taken an undue advantage of her, either directly or indirectly." He further admitted obtaining the medicine referred to in the testimony of the prosecutrix. The letters written to the prosecutrix by the defendant, in evidence, contain no promise of marriage in express or direct terms. References and allusions are contained in some of the letters, which, according to her testimony, relate to their marriage; but this does not appear from the unaided language of the letters themselves. The letters, however, contain expressions of love and affection for the prosecutrix. It does not appear from the bill of exceptions, that the prosecutrix was corroborated touching the promise of marriage by the direct testimony of any witness. Evidence was introduced on behalf of the defendant tending to show that he was a man, of good character, " and this was not controverted by the State;" and that the general character of the prosecutrix for chastity, about the time of the sexual intercourse, was bad. He further introduced evidence tending to show instances of improper intimacies taken by other men with the person of the prosecutrix. This was, however, denied by the prosecutrix; and the State examined several witnesses whose testimony tended to show that the general character of the prosecutrix for chastity was, at the time of the alleged seduction, good, and that she "moved and was received in the best society in the neighborhood."

During the examination of the prosecutrix as a witness, she was asked by the State's solicitor this question: " Did you ever submit to him [the defendant] willingly." To this question the defendant objected, but his objection was overruled, and he excepted. The prosecutrix answered: "I never did but for

[Wilson v. The State.]

circumstances, not from my own desire." This answer the defendant moved to exclude from the jury, but his motion was overruled, and he excepted.　As the bill of exceptions recites, this evidence was introduced "in consequence of testimony seeking to show that" the prosecutrix "submitted to the sexual intercourse of her own lust, and through her own inclinations, and not by any inducement of defendant."

The State, having introduced evidence tending to show that, after the prosecutrix was delivered of child, the defendant was accused of being the father of the child, and he went to see her "to compromise the matter with her, and offered her money and other things of value to compromise it with her," examined as a witness one Radford, who was asked by the State's solicitor, whether any accusation had been made that the defendant had seduced the prosecutrix.　To this question the defendant objected, but his objection was overruled, and he excepted.　The witness having answered that such accusation had been made, the defendant moved to exclude the answer, but his motion was overruled, and he excepted.　Said witness was then asked, whether the accusation was made by the prosecutrix, and to this question the defendant objected, but his objection was overruled, and he excepted.　The witness then testified that the prosecutrix, in the absence of defendant, did accuse the defendant of having seduced her.　The defendant moved to exclude this evidence from the jury, but the court overruled his motion, and he excepted.　As recited in the bill of exceptions, the evidence of said witness, above noted, "was given in connection with other evidence of said witness, that defendant, on going to see" the prosecutrix, "to adjust the accusation against him, went by for witness to assist him, and to show that, at that time," the prosecutrix "had made the accusation of seduction against defendant, and that defendant knew such accusation had been made by her, and he was then on his way to see her, and to arrange it.　As to this matter, the defendant attempting to show that he was only charged with bastardy, and that that was the offense he was undertaking to adjust; and that the only accusation at that time against him was bastardy."　As further recited in the bill of exceptions, "the jury were instructed that the accusation thus testified to was no evidence of the truth thereof, and should not be considered as such, but that its effect was and should be only to show that defendant knew the charge of seduction had been made, and that that was the matter he was wishing and endeavoring to arrange, and not the charge of bastardy."

The bill of exceptions purports to set out all the evidence, or its substance.　The defendant excepted to the following, among other charges given by the court at the request of the prosecu-

34

[Wilson v. The State.]

tion: (1) "If the jury believe from the evidence, beyond a reasonable doubt, that, in this county, and within three years before the finding of the indictment, viz, in November, 1881, the defendant, by means of temptations, arts, flattery, deception, or a promise of marriage, seduced" the prosecutrix, "an unmarried female, and that she, before and up to the time of said seduction, was a chaste or virtuous woman, then the jury should find the defendant guilty." (2) "All women, married or single, are presumed to be chaste and virtuous until the contrary is made to appear by competent evidence; and the burden of proof, to show that" the prosecutrix "was an unchaste woman before the time of the alleged seduction, is on the defendant." (3) "Before the defendant can justify or excuse himself for the alleged seduction of" the prosecutrix, "on the ground of her unchastity, he must show by the evidence, to the reasonable satisfaction of the jury, that she was in fact unchaste." (4) "The extent to which" the prosecutrix "is corroborated by the other witnesses, and by the facts and circumstances, and all the evidence, is a question for the jury. The true test is, that her testimony is so far sustained by the other evidence, as to convince the jury of the defendant's guilt beyond a reasonable doubt." (5) "If the jury believe from the evidence, beyond a reasonable doubt, that the testimony of" the prosecutrix "is true, and that her testimony is corroborated in material particulars by other witnesses, and facts and circumstances in proof, and, from all the evidence, that defendant seduced her as charged in the indictment, and he has failed reasonably to satisfy the jury that she was unchaste before the time of said alleged seduction, then the jury should find the defendant guilty." The defendant also reserved an exception to the refusal of the court to give the following charge, requested by him in writing: "The defendant can not be convicted in this case, unless the prosecutrix is corroborated on every material fact, necessary to constitute the offense with which he is charged."

GARDNER & WILEY and N. W. GRIFFIN, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The appellant was indicted under the statute (Code of 1876, § 4188), as amended by the later statute, approved February 25, 1881, which provides: "Any man, who, by means of temptation, deceptions, arts, flattery, or a promise of marriage, seduces any unmarried female in this State, shall be guilty of a felony, and, on conviction, shall be imprisoned in the penitentiary, for not less than one, nor more than ten

[Wilson v. The State.]

years; but no indictment or conviction shall be had under this section, on the uncorroborated testimony of the female upon whom the seduction is charged, and no conviction shall be had under this section, if, on the trial, it is proved that such female was, at the time of the alleged offense, unchaste; and on the trial for such offense, the defendant shall be a competent witness in his own behalf."—Pam. Acts 1880–81, p. 48.

The indictment, following the words of the statute, charges that the defendant, "by means of temptations, deceptions, arts, flattery, or a promise of marriage, seduced," etc. On the trial there were numerous exceptions taken to the rulings of the court below, in the admission of evidence, and in the giving and refusal of instructions to the jury, which are now insisted upon as erroneous, and it is further insisted that the indictment is insufficient.

1. The objection to the indictment is, that it does not charge the facts as to the means employed by the defendant to accomplish the seduction. The mode of stating or describing the offense, adopted by the pleader, is in conformity to the forms of indictments for statutory offenses, whether of felony or misdemeanor, which are prescribed in the Code, and corresponds to the general rule of the common law, that such offenses ought to be stated or described in the words of the statute creating or defining them.—1 Brick. Dig. 499, §§ 734–39. An exception to the rule obtains, when the words of the statute, by reason of their generality, may embrace cases falling within their literal or largest meaning, which are not within the spirit and intent of the statute. Then, the use of the words of the statute is not a direct, explicit averment of the fact, in the doing or omission of which the offense consists. But there can be no case falling within the words of this statute, taken in their largest meaning; no seduction by any temptation, deception, art, flattery, or by any promise of marriage, which is not within the spirit and intent, and within the mischief against which the statute is directed. It is true, as is insisted by the counsel for the defendant, that the facts and circumstances constituting an offense generally, ought to be stated in an indictment. But the statutes have dispensed with much of the technical nicety and particularity in this respect, which was observed at common law, regarding such facts and circumstances rather as matter of evidence than of pleading. And when the offense is of statutory creation, if a statement of it in the words of the statute, with reasonable certainty, informs the accused of the nature and character of the offense, and enables the court, on conviction, to pronounce the proper judgment, the requirements of the law are satisfied.

2. It was not permissible for the prosecuting witness to

testify, that she did not willingly yield to the embraces of the defendant, or that she yielded in consequence of a promise of marriage, or of any act or declaration of the defendant. The material, controlling inquiry, in all cases it is the province of the jury to determine, is, whether there was seduction ; whether the criminal connection resulted from the arts and wiles of the defendant, or from the ungoverned passions of the woman. The cause moving her to the sin is essentially and peculiarly matter of inference from all the facts and circumstances in evidence, carefully weighed and considered ; being matter of inference or deduction from facts and circumstances proved or presumed, it is not a fact to which a witness can testify. As has been said, witnesses are not allowed to reason to the jury— they, must speak to and of facts. Like intention, or motive, or belief, inferential from facts, the jury must deduce the conclusion, unaided by the opinion of. witnesses.—*Peake v. Stout*, 8 Ala. 647 ; *Whetstone v. Bank*, 9 Ala. 875. Questions of this character, as to the influence exerted upon the mind or conduct of the woman by the acts or representations of the man, like evidence declaratory, or in negation of a specific intention, which may be material, we are aware, is allowed by some authorities. But a different rule has always prevailed here, and such evidence uniformly pronounced inadmissible.

3. Nor is there any possible aspect of the case, in which it was permissible for the State to prove that the defendant was accused of the seduction, and, with knowledge of the accusation, sought an adjustment with the prosecuting witness. The fact of the accusation rested in mere hearsay, and the proposition for an adjustment was not an admission or confession of guilt. Take it in its largest significance, and it manifested no more than a willingness to compound a criminal accusation for the purpose of avoiding the publicity, odium, and vexation of a prosecution, which is not inconsistent with a consciousness of innocence. There is in criminal cases no species of evidence, the introduction of which is so restrained and guarded, as the admissions or confessions of the accused, whether expressed in. words, or to be implied from conduct. In civil cases, the rule of law is, that admissions, made with a view of an amicable adjustment, or compromise, are not, as evidence, admissible to affect the party making them. A party knowing himself to be suspected, or to be accused of a criminal offense, negotiating for the suppression of a prosecution, can not expect that the negotiations will be favored, as negotiations for an amicable adjustment of a civil controversy are favored. But such negotiations, not embodying, or intended to embody a distinct admission or confession of guilt, which, free from the influence of hope or fear, it is not probable the accused would make,

ought not to be perverted into evidence against him, inviting the jury to infer from them an admission or a consciousness of crime.

4. The essential elements of the offense, as it is described by the statute, are, first, the woman must be unmarried; second, she must be induced to a surrender of her chastity by a promise of marriage, or by the arts or deceptions of the man. These are the elements of the offense, and the presence of each is necessary to a conviction. "Seduce," or "seduction," within the meaning of the statute, imports illicit sexual connection; and until that is committed, the statutory offense is not committed. The word "seduce," as found in the statute, imports not only illicit sexual intercourse, but it imports also a surrender of chastity; a surrender of the woman's personal virtue. The statute is for the protection of the chastity of unmarried women, and the existence of the virtue at the time of the intercourse is a necessary ingredient of the offense; for, as has been often said, the woman who has lost her chastity, the prostitute, may be the victim of rape, but is not the subject of seduction. By this is not, however, intended that the woman, who may have at some time fallen, can not be the subject of seduction. That may be true, and there may be reformation; and, at the time she yields to the man's embraces, she may have the virtue of chastity, not in the high degree of the woman who has not strayed, but yet, within the meaning of the statute, entitling her to its protection.—*State v. Carron*, 18 Iowa, 372; *Carpenter v. People*, 8 Barb. 603; *State v. Timmens*, 4 Minn. 325; *People v. Clark*, 33 Mich. 112. The offense is shocking to the moral sense, justly provokes the highest indignation, and is deserving of the severest punishment. But the observations of Lord Hale in reference to accusations of rape are peculiarly applicable, and ought to be remembered—the accusation is easily made, hard to be proved, and harder to be defended and disproved by the party accused, though ever so innocent. Hence, the statute, in express terms, declares that neither an indictment, nor a conviction shall be had on the uncorroborated testimony of the woman.

The offense is strictly statutory. In the absence of force or conspiracy, when "only the guile of a single person is resorted to," it is not at common law indictable.—Bish. on Stat. Crimes, § 629. In many, if not all of the States, statutes have been enacted, creating and defining the offense, varying and differing in its elements, but generally, if not uniformly, prohibiting a conviction upon the unaided or uncorroborated evidence of the woman. The courts are not agreed in regard to the manner and extent of corroboration necessary to a conviction. Some require only corroboratory evidence of some material fact or part

[Wilson v. The State.]

of the case, sufficient to satisfy the jury that the woman is worthy of credibility.—*Boyce v. People*, 55 N. Y. 644. Other courts, and the larger in number, require that the confirmatory or corroboratory evidence shall extend to every material fact, which is a necessary element of the offense—the promise to marry, or the art or deception practiced to accomplish the illicit intercourse, and that the intercourse was the result of such promise, or of such art or deception.—*State v. Timmens*, 4 Minn. 425; *Andre v. State*, 5 Iowa, 389; *State v. Painter*, 50 *Ib*. 317; *Zabriskie v. State*, 43 N. J. 640; *Kenyon v. People*, 26 N. Y. 203. This, I am of opinion, is the proper construction of the statute before us; it means that there must be, independent of the evidence of the woman, proof of such facts and circumstances as tend to show the commission of the offense; less will not meet the words or spirit of the statute. The confirmatory evidence may not be direct and positive; it may be circumstantial, consisting of such facts as usually attend upon, or are the companions of the main facts to be proved, and which strengthen the evidence of the woman. And these circumstances must tend to connect the defendant with the commission of the offense; they must point and single him out from other men. Mere acquaintance, and mere opportunity for sexual intercourse do not furnish corroborating evidence of seduction; for sexual intercourse is one only of the elements of the offense. The evidence must go further, and must tend reasonably to prove, not only the sexual intercourse, but that it was accomplished by the use of some of the means specified in the statute. And if, as in the present case, a promise of marriage is relied upon as the moving cause for the criminal connection, and in corroboration of the evidence of the woman, it is sought to deduce such promise from circumstances, the circumstances ought to be such as usually accompany an engagement of marriage, not attentions which are consistent only with the pursuit of lust.—*State v. Painter*, 50 Iowa, 317; *State v. Araah*, 55 *Ib*. 258; *Rice v. Commonwealth*, 100 Penn. St. 28. A majority of the court do not, however, concur in this view. They adhere to the rule laid down in *Cunningham v. State*, at present term [*ante*, p. 51,], and it must be regarded as settled that the corroboratory evidence is sufficient, if it extends to a material fact, and satisfies the jury the woman is worthy of credit. As that case has passed beyond the control of the court, I am not averse to this conclusion.

5. While the pre-existing chastity of the woman is, by all authority, regarded as a necessary element of the offense, there is contrariety of opinion, whether it is an affirmative fact to be proved, or of which, in the first instance, evidence must be given by the State, as must be the case in reference to all

material facts, generally; or whether it is to be presumed, until there is evidence to the contrary. The words and history of the statute constrain us to the conclusion, that until there is evidence to the contrary, the chastity of the woman must be presumed. Originally, the statute contained no words expressly referring to the personal virtue or chastity of the woman. They were introduced by the amendatory statute, and in fact form the whole subject of the amendment. The expression, it will be observed, is, "no conviction shall be had under this section, if, on the trial, it is proved that such female was, at the time of the alleged offense, unchaste." It is only in the event that there is upon the trial evidence of a want of chastity, that a conviction is prohibited; there is no prohibition of a conviction in the absence of evidence tending to show chastity. The prohibition of conviction is, in the event the woman is unchaste at the time of the criminal connection. In this respect, the statute differs from the statutes of some of the States, which refer only to reputation, requiring that she must be of previous good repute for chastity. It more nearly resembles other statutes which employ the expression "previous chaste character," and which are construed as referring to actual personal virtue in distinction to reputation.—*Carpenter v. People*, 8 Barb. 603; *Kenyon v. People*, 26 N. Y. 203; *Andre v. State*, 5 Iowa, 389; *State v. Curran*, 51 Iowa, 112; *People v. Clark*, 33 Mich. 112. It is the virtue of the woman at the time of the seduction, that is the material fact, and it is a fact, the existence of which the jury must determine from the evidence of her prior conduct. The want of chastity is as essentially directed to the essence of guilt, as is the absence of the illicit intercourse, or the absence of the inducements to such intercourse specified in the statute. If there be not contrary evidence, chastity will be presumed in obedience to the statute. But when there is contrary evidence, the final question is, whether the guilt of the accused is fully proved, and, then, a reasonable doubt of the chastity of the woman is as fatal to a conviction, as is the existence of such doubt in reference to any other material fact.

We do not deem it necessary now, as for the errors already pointed out the judgment must be reversed, to prolong this opinion by applying these views to the rulings or the circuit court in the giving or refusal of instructions, which are the matters of exception. Whatever of error may be in them can be obviated upon another trial.

The judgment is reversed and the cause remanded; but the appellant must remain in custody until discharged by due course of law.