# Nabors *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Discredited witness; charge as to sufficiency of testimony.*—A charge asked in a criminal case, instructing the jury that the testimony of a witness who is shown to be unworthy of credit is not sufficient to convict, unless corroborated by evidence of a fact tending to show the guilt of the defendant, is an invasion of the province of the jury, and therefore properly refused. (*Cohen v. The State*, 50 Ala. 108, held overruled in effect by *Moore v. The State*, 68 Ala. 360; and 5th head-note to *Martin v. The State*, 28 Ala. 71, declared erroneous.)

FROM the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

The defendant in this case, Green Nabors, a freedman, was indicted for an assault on Celia Alexander, a colored woman, with the intent to murder her; was convicted, and sentenced to the penitentiary for two years. On the trial, as appears from the bill of exceptions, the prosecutrix testified to the commission of the assault on her, and identified the defendant as her assailant; said that she knew him, that the assault was committed about the middle of the

[Nabors v. The State.]

day, near a spring where she was washing, and that the defendant was perfectly sober at the time; and the physician who dressed her wounds testified to their dangerous character. No other witness identified the defendant as the assailant. The defendant introduced evidence tending to establish an *alibi*, and showing that, at the time the assault was said to have been committed, he was lying at home drunk; one witness testifying that, at or just before that time, he carried the defendant home drunk, from a saloon at which he had been working; and another, that he passed the two on the road to the defendant's house, and saw his drunken condition. Several witnesses for the defendant testified to his good character; and further, that the prosecutrix "was a notorious strumpet, that her character for truth and veracity was very bad, and that they would not believe her on oath." On this evidence, the defendant asked the court to instruct the jury, " that the testimony of a witness for the State, who is shown to be unworthy of credit, is not sufficient to justify a conviction, without corroboration ; and such corroborating evidence, to avail anything, must be a fact tending to show the guilt of the defendant ; and if the jury believe, from the evidence, that Celia Alexander is a person unworthy of credit, then, unless her testimony is supported or corroborated by the evidence of some other witness, as to a fact tending to show the guilt of the defendant, the jury must find him not guilty." The court refused to give this charge, and the defendant excepted to its refusal.

R. B. KELLY, and E. H. HANNA, for appellant, cited *Martin v. The State*, 28 Ala. 71 ; *Cohen v. The State*, 50 Ala. 109; *Porter v. The State*, 55 Ala. 107.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Moore v. The State*, 68 Ala. 360, as overruling in effect the cases cited for the appellant; also, *Griffin v. The State*, 76 Ala. 29 ; *Storey v. The State*, 71 Ala. 529 ; *Myers v. The State*, 62 Ala. 599 ; *Ex parte Warwick*, 75 Ala. 57.

CLOPTON, J.—When a witness is impeached by proving his reputation for truth and veracity to be bad, the jury are the sole judges of the credence to which his testimony is entitled, on consideration of his demeanor on the stand, the consistency of his statements with the testimony of other witnesses, and of all the facts and circumstances brought out, subjected to all the tests by which the credibility and sufficiency of oral testimony may be determined. If im-

[Watson v. The State.]

peached, and the jury believe him unworthy of credit, they have the right to disregard his testimony altogether, or to give it the weight which they consider it should have. Whether or not to disregard evidence, is for the sole determination of the jury. A charge, that the testimony of a witness, thus impeached, is insufficient to convict, unless corroborated by evidence of a fact tending to show the guilt of the defendant, is an invasion of the province of the jury. Freedom in their deliberations to determine, under a conscientious observance of their obligations, what evidence, in their judgment, should be believed, and what disregarded, better tends to promote the ascertainment of truth, than to compel conclusions by fixed rules. Though they may believe a witness to be generally unworthy of credit, they may consistently believe that he has testified truly in the particular case.

The identical charge requested by the defendant was held to be erroneous, and rightly refused, in *Moore v. The State*, 68 Ala. 360, overruling in effect *Cohen v. The State*, 50 Ala. 108. In *Martin v. The State*, 28 Ala. 71, a similar charge was given by the trial court, and was not considered by this court. The first branch of the 5th head-note incorrectly states the question as considered and decided.

Affirmed.