# Gilyard *v.* The State.

*Indictment for Shooting Into Railroad Train.*

1.  *Affirmative charge.*—It is error to give the affirmative charge for
the defendant, when a witness testified that he saw him commit the
offense charged.

2.  *Invading province of jury; uncorroborated testimony.*—A charge is
properly refused, which asks: "That the jury must not convict upon
the uncorroborated testimony of an impeached witness," since it
assumes that the testimony of a witness is not corroborated, and that
he is impeached—facts that should be left to the determination of the
jury.

FROM the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

Harry Gilyard was tried and convicted of shooting into a
railroad train. Among the charges requested for the de-
fendant was the following:   3.   "The testimony of a single
witness under a cloud, and who is contradicted in material
matters, is not such preponderance of testimony as will
warrant the jury in convicting the defendant; and, if the
jury find from the evidence this to be the condition of this

case, it is their duty to discharge the defendant." The court refused to give the charge, and the defendant excepted.

(No briefs came into the hands of the reporter.)

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted, tried and convicted under section 4098 of the Criminal Code, for shooting at or into a locomotive or car of a railroad train, in or on which there was a human being.

The only questions reserved, arise upon the refusal of the court to give three several charges as requested by the defendant. The first was the general affirmative charge to find for the defendant. There was positive evidence by one witness, that he saw defendant commit the offense. The charge was properly refused. The second charge refused, was to the effect, that the jury must not convict upon the uncorroborated testimony of an impeached witness. This charge was properly refused first, because there was some corroborating testimony. Two other witnesses testified to seeing the defendant at Tharin, where the offense was committed, on the Sunday of the night on which the shooting occurred. Second, the record fails to show that the witness was impeached. Two witnesses for the defendant testified that the witness for the State told them in a conversation, that he did not see the defendant do the shooting. No predicate was laid for the introduction of this conversation. The witness for the State was not asked in reference to it. He never denied making the statement, and had no opportunity either to admit or deny or explain it. Moreover, the principle of law intended to be asserted, was incorrect. The rule in this State is, that such charge invades the province of the jury. They are the judges of the weight to be given to the testimony of any witness.—*Nabors v. The State*, 82 Ala. 8 ; *Moore v. The State*, 68 Ala. 360. For the same reasons, the third charge requested, was properly refused. In addition to all that has been said, the record does not pretend to set out all the evidence, and in such cases, if it was necessary, to sustain the action of the trial court, we would be bound to presume there was other evidence introduced by the State on the trial.

Affirmed.