# Smith v. The State.

## *Indictment for Seduction.*

1. *Evidence; irrelevant and hearsay.*—On a trial for seduction, it is not error to exclude questions asked by defendant calling for mere hearsay and irrelevant evidence, tending to prejudice prosecutrix before the jury.

2. *Same; not competent for defendant to show he offered to marry prosecutrix after birth of child.*—On a trial for seduction it is not error to exclude questions by defendant intended to show that, after prosecutrix gave birth to a child, he offered to marry her, and she refused, and asking her why she refused to marry him.

3. *Same; general character of prosecutrix for chastity admissible in rebuttal.*—On a trial for seduction it is proper to admit evidence of the general character of prosecutrix for chastity, in rebuttal of evidence by defendant tending to impeach her chastity.

4. *Same; testimony prejudicial to defendant, erroneously admitted, cured by subsequent exclusion.*—On a trial for seduction an error in allowing a witness to testify that defendant's wife had a child six months after marriage is cured where the court, in a moment or two

afterwards, excludes the testimony, and directs the jury not to consider it.

5. *Exceptions to remarks of trial judge.*—Where on a trial for 'seduction while a witness was testifying, "there was a great titter and suppressed laughter in the audience," in which were a number of boys, and the court said: "I wonder if their parents are here, and know that these boys are in the audience. * * * Gentlemen look out. You don't know how soon the lightning may strike your house," and the jury were then specially instructed that such remarks were not intended for them, and had nothing to do with their duty as 'jurors, there was no impropriety in such remarks and defendants exception thereto is unavailing.

6. *Charge as to means employed to accomplish seduction.*—On a trial for seduction it is proper to charge that if defendant seduced prosecutrix by means either of temptation or deception or arts of flattery or promise of marriage, he is guilty.

7. *Charge as to manner of weighing defendants testimony.*—It is not error to charge that in considering defendants evidence the jury may look to the fact that he is defendant in the case in connection with all the other testimony.

8. *Conviction may be had if evidence sufficiently shows seduction was accomplished at any time covered by indictment.*—Where evidence of prosecutrix tended to show that the first act of sexual intercourse occurred May 1891, during her engagement of marriage to defendant. and his evidence tended to show an earlier act of intercourse between them, but at a time when there was a promise of marriage, and the times of both acts of intercourse are covered by the indictment, a conviction is proper, if the evidence is sufficient, whether the seduction occurred at the one time or the other

9. *Charge as to reasonable doubt.*—On a trial for seduction it is error to refuse to charge at defendats request that "unless the jury are convinced by the evidence, beyond all reasonable doubt, that defendant, by means of arts, flattery, temptation, deception, or a promise of marriage, seduced prosecutrix, they should give defendant the benefit of the doubt and acquit him."

10 *Argumentative and misleading charge.*—It is proper to refuse to charge, "that it does not follow that because defendant and prosecutrix were engaged to be married, and had sexual intercourse with each other, if the jury find they were so engaged and had such intercourse, such intercourse was procured by means of promise of marriage, or that defendant seduced her," since such instruction is argumentative, and misleading.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

The indictment in this case was returned to the circuit court of Cherokee county, on July 15, 1892.

The evidence on the part of the State tended to show that the defendant was guilty as charged in the indictment; while the defendant, as a witness in his own behalf, testified that he had never promised to marry the prosecutrix until after criminality. The only rulings of the court upon the evidence, which are reviewed on this appeal, are sufficiently shown in the opinion.

During the examination of one of the witnesses, at a certain portion of his testimony, the bill of exceptions states, "there was a great titter and suppressed laughter in the audience," and the bill of exceptions then continues: "The court room was packed with spectators, among whom were quite a number of boys, varying from 12 to 18 years of age, and the court remarked to the audience substantially as follows: 'I see nothing in what the witness said that affords merriment; nothing to laugh at. I see before me quite a number of boys, and I wonder if their parents are here, and know that these boys are in the audience, joining with them in expressions of amusement at what the witness said. Gentlemen, look out, you don't know how soon the lightning may strike your house.' To this last remark of the court, the defendant excepted. The court at once said: 'Very well, but understand I am not talking about this case now to the jury. I am speaking to parents who may be in the audience, in the interest of their boys, and to the people in the interest of public morals, and public decency; my remarks are only for that purpose; and then addressing the jury, the court said: 'Gentlemen of the jury, what the court said to the audience was not for your consideration in this case in any way whatever, and you should not allow it to have any influence whatever with you; you must, in this case, a true verdict render, according to the evidence, and I would not, for any consideration, say or do anything that would tend to influence your decision one way or the other.' "

The court's general charge to the jury, which was, at the demand of the defendant, given in writing, is very prolix; and it is not deemed necessary to set it out at length.

At the request of the State, the court gave to the jury the following written charges: (1) "The court charges the jury, if the jury believe beyond a reason-

able doubt, from the evidence, that in three years before the finding of this indictment, George Smith, by means of temptations, seduced Beulah Ramsey, in this county, that said Beulah Ramsey was then an unmarried woman, and that she was then a chaste woman, the jury must find the defendant guilty." (3) The court charges the jury that if the jury believe from the evidence, beyond a reasonable doubt, that within three years before the finding of this indictment, George Smith, by means of arts, seduced Beulah Ramsey, in this county, that said Beulah Ramsey was then an unmarried woman, and that she was then a chaste woman, the jury must find the defendant guilty." (4) "The court charges the jury, that if they believe beyond all reasonable doubts, from the evidence, that in three years before the finding of this indictment, George Smith, by means of flattery, seduced Beulah Ramsey in this county, that said Beulah Ramsey was then an unmarried woman, and that she was then a chaste woman, the jury must find the defendant guilty." (5) "The court charges the jury that if the jury believe beyond a reasonable doubt, from the evidence, that in three years before the finding of this indictment, George Smith, by means of a promise of marriage, seduced Beulah Ramsey in this county, that said Beulah was then an unmarried woman, and that she was a chaste woman, the jury must find the defendant guilty." (6) "The court charges the jury that if the jury believe beyond a reasonable doubt, from the evidence, that within three years before the finding of the indictment in this case, George Smith, by means of either temptations, deception, arts, flattery or promise of marriage, seduced Beulah Ramsey in this county, that said Beulah Ramsey was then an unmarried woman, and that she was a chaste woman, the jury must find the defendant guilty." (7) "The court charges the jury that in considering the evidence of George Smith, the jury may look to the fact that he is the defendant in the case, in connection with all the other evidence, in determining what credibility they will give to his testimony." The defendant separately excepted to the court's giving each of these charges requested by the State; and also separately excepted to the court's refusal to give each of the following written charges requested by him. (1) "If

the jury believe from the evidence that the defendant had sexual intercourse with Beulah Ramsey prior to May, 1891, they cannot convict the defendant." (5) "If the jury find from the evidence that a course of illicit intercourse was entered upon between the defendant and Beulah Ramsey prior to May, 1891, and was continued up to the time in May, 1891, when Beulah Ramsey testified that the first act of illicit intercourse occurred between her and the defendant, that Beulah Ramsey was not chaste at that time, they cannot convict the defendant, unless they find from the evidence, beyond all reasonable doubt, that prior to the act of illicit intercourse which occurred in May, 1891, if they find that there was an act of illicit intercourse between the defendant and Beulah in May, 1891, that Beulah had reformed and abandoned any further illicit intercourse with the defendant." (6) "If the jury find that Beulah Ramsey had lost her virtue, or had sexual intercourse prior to May, 1891, they cannot convict the defendant, unless they further believe from the evidence, beyond all reasonable doubt, that Beulah, prior to May, 1891, had desisted from any further acts of criminal intercourse, if they find from the evidence that prior to that time she had been guilty of such acts and had reformed." (10) "Unless the jury are convinced beyond all reasonable doubts, by the evidence introduced in this cause, that the defendant by means of art, flattery, temptation, deception, or a promise of marriage, seduced Beulah Ramsey, they should give the defendant the benefit of the doubt and acquit him." (14) "It does not necessarily follow that because the defendant and Beulah Ramsey were engaged to be married, and that they had sexual intercourse with each other, while such engagement was subsisting between them, if they find from the evidence that they were so engaged, and had such intercourse, that such intercourse was procured by means of a promise of marriage on the part of the defendant, or that the defendant seduced Beulah Ramsey."

C. DANIEL, for the appellant.

WM. C. FITTS, Attorney-General, and J. L. BURNETT, for the State.

COLEMAN, J.—The defendant was indicted, tried and convicted of the offense of seduction. Several exceptions were reserved to the ruling of the court upon the admission and exclusion of evidence, and also to instructions given and refused, by the court.

The attempts on the part of the defendant to prejudice the prosecutrix before the jury by asking questions which called for mere hearsay and irrelevant evidence were very properly disallowed and excluded. Of this character of evidence we specify the following, to the witness Fannie Smith, the half sister of the prosecutrix: "Did not you and your husband get after her, about something that Polk Wharton said about her?" By the witness Baker, that "he heard some of the patrons of her school say they had fallen out with her," and "was it not current in the neighborhood about her going to parties, and that was the cause of her school being broken up?" Nor did the court err in sustaining an objection to questions by the defendant for the purpose of showing that after the birth of the child, he offered to marry her, and she refused; much less has the defendant a right to insist upon the exception, when the record shows that upon his insistence the evidence was permitted to go to the jury. Nor did the court err in sustaining an objection to the question of the defendant to the prosecutrix, why she subsequently refused to marry him. It was entirely competent to receive evidence of the general character of the prosecutrix for chastity, in rebuttal of the evidence by the defendant tending to impeach her chastity. The court erred in allowing the witness Carrett to testify that defendant's wife had a child within six months after her marriage to him. This was palpable error. The record states that "in a moment or two after the witness had answered the question, the testimony was excluded, and the jury were instructed that they must not consider it." Courts have been perplexed in laying down satisfactory rules, where illegal evidence calculated to prejudice the defendant has been received, and subsequently excluded, but it may be regarded as settled in this State, that the admission of illegal evidence, which is subsequently excluded and the jury instructed to disregard such evidence, cures the error, and vitiates the exception reserved to its admission.—*A. G. S. R. R. Co. v. Frazier*,

93 Ala. 45; *Jordan v. State*, 79 Ala. 12; *Jackson v. The State*, 94 Ala. 85; *Green v. The State*, 96 Ala. 29; *Childs v. The State*, 55 Ala. 30.

We see no impropriety in the remarks of the court to those attending and listening to the trial. Demonstrations of approval or disapproval, or manifestation of ridicule or frivolity, should be suppressed, and the presence of mere boys during a trial of this character, listening to the details, and exhibiting so much interest in the portions of the evidence which partook of the immoral and indecent, is not to be commended. The jury were specially instructed, that the remarks of the court were not intended for them, and had nothing to do with their duty as jurors.

The court was required by the defendant to charge the jury in writing. The charge is quite lengthy and is set out in full in the record. Taking it as a whole, we do not find that it contains any reversible error. It may be that it would have been better if some portions had been omitted, but we find no erroneous principle of law declared, nor any statement as to the policy of the law, incorrect. The main propositions were taken from the opinion in the case of *Wilson v. The State*, 73 Ala. 527, and which opinion we regard as a correct exposition of the statute.

The first six charges given for the State are all justified by the opinion in the case of *Wilson, supra*.

The seventh charge given for the State, is sustained by the following authorities: *Wilkins v. The State*, 98 Ala. 1; *Dryman v. The State*, 102 Ala. 130; *Norris v. The State*, 87 Ala. 85; *Lewis v. The State*, 88 Ala. 11.

The evidence of the prosecutrix tended to show that the first act of sexual intercourse occurred in May, 1891, and during their engagement to be married. The evidence of the defendant tended to show that he had sexual intercourse with the prosecutrix in the latter part of the year 1889, but the evidence shows, that he was at that time under a promise to marry the prosecutrix. The indictment was presented in July, 1892. Both periods were covered by the indictment, and the jury were authorized to return a verdict of guilty if the evidence was sufficient, whether the seduction occurred at the one or the other period. Charges one, five and six, requested by the defendant were properly refused.

[Carter v. The State.]

We are of opinion that charge 10 requested by the de-
fendant should have been given. It specifies all the
means contained in the statute itself, and without the
use of all or some of which in accomplishing seduction,
the defendant could not be convicted under the indict-
ment. This is what is asserted by the charge, and the
court erred in refusing it.

Charge 14 was clearly misleading and argumentative,
and was properly refused. In criminal cases, the grant-
ing of a new trial rests in the discretion of the trial
court.

The evidence in this case leaves no doubt in the mind
that the prosecutrix used all proper means, and did
everything in her power to induce the defendant to ful-
fill his promise to marry her, a promise he does not con-
trovert, up to and for some time after she gave birth to
the child of which he was the father, and that he evaded
a fulfillment of his promise with all manner of trivial
excuses, never once impugning her chastity, or accus-
ing her of being unfaithful to him, before the commence-
ment of the prosecution.

For the error in refusing charge No. 10, the cause
must be reversed.

Reversed and remanded.