# Smith v. The State.

### Indictment for Seduction.

1. *Seduction; constituents of offense.*—To authorize a conviction for seduction (Cr. Code of 1896, §5503; Cr. Code of 1886, §4015), the woman must be chaste in fact at the time of the commission of the offense; and the inquiry is not as to the character or reputation of the prosecutrix, but as to her actual chastity at the time of the alleged seduction.

2. *Same; admissibility of evidence as to general character.*—On a trial under an indictment for seduction, where the defendant has introduced evidence tending to impeach the chastity of the prosecutrix at the time of the alleged seduction, it is competent for the prosecution, in rebuttal, to introduce evidence of her general character for chastity at that time; but evidence as to her character subsequent to the alleged seduction is inadmissible.

3. *Evidence; when general objection properly overruled.*—Where in the examination of a witness, he is asked questions which call for both admissible and inadmissible evidence, a general objection which is not limited to such part of the evidence as is illegal, is properly overruled.

[Smith v. The State.]

4. *Proof of venue; failure of record to show same.*—When no instruction is given or refused involving an inquiry into the sufficiency of the evidence to authorize a conviction or as to proof of venue, the failure of the bill of exceptions to show that the venue was proven, although it purports to set out substantially all the evidence, will not warrant a reversal of the judgment.

5. *Charge to the jury; sufficiency of evidence.*—In the trial of a criminal case, where the venue of the crime is fully proved, without conflict, a charge which ignores the proof of venue and predicates the defendant's conviction upon the jury believing beyond a reasonable doubt that there exists the essential elements of the crime charged, is not erroneous.

6. *Same; same.*—In such a case, a charge which instructs the jury that if they "believe from the evidence that if a witness has been successfully impeached, the jury may disregard the testimony of such witness entirely," asserts a correct proposition and is properly given.

7. *Seduction; chastity of prosecutrix; burden of proof.*—Under the statute defining seduction (Code of 1896, §55u3,), the chastity of the prosecutrix at the time of the alleged seduction is an essential ingredient of the offense, and is to be presumed in the absence of evidence to the contrary; and the burden of proving unchastity is upon the defendant, but when there is introduced evidence tending to prove unchastity of a woman, reasonable doubt of her chastity is as fatal to a conviction as is the existence of such doubt in reference to any other material fact.

8. *Same; same; same; charge to the jury.*—On a trial under an indictment for seduction, a charge which instructs the jury that "To authorize a conviction for seduction the woman must be chaste in fact at the time of her alleged seduction, the inquiry being not as to her character or reputation for chastity at the time of her alleged seduction, but as to her actual chastity at the time," while asserting a generally correct proposition of law, is properly refused, as calculated to confuse and mislead the jury, where, in rebuttal to the evidence adduced by defendant tending to impeach the chastity of the prosecutrix at the time of the commission of the offense, the State introduced evidence tending to show the good character of prosecutrix up to the time of the alleged seduction.

9. *Same; same; charge to the jury.*—In such a case, a charge which instructs the jury that if prior to the time of the alleged seduction the prosecutrix had been criminally intimate with another man, she was not chaste at the time of the commission of the alleged offense, unless the evidence shows that she had reformed before the alleged seduction, asserts a correct proposition of law and should be given.

[Smith v. The State.]

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

The defendant, George Smith, was indicted, tried and convicted for the seduction of Beulah Rumsay. The rulings of the court upon the evidence, to which exceptions were reserved, are sufficiently shown in the opinion.

Among the charges given by the court at the request of the State, to the giving of each of which the defendant separately excepted, were the following: (1.) "The court charges the jury, that if the jury believe beyond a reasonable doubt from the evidence, that within three years before the finding of the indictment in this case, Geo. Smith, by means of temptation, seduced Beulah Rumsay, who was then an unmarried woman, and that she was then a chaste woman, the jury must convict the defendant." (6.) "The court charges the jury that in determining what credence they will give to the testimony of George Smith, the jury will look to the fact, in connection with all the other evidence, that he is the defendant in the cause and interested in the result." (10.) "The court charges the jury, that if the jury believe from the evidence that any witness has been successfully impeached, the jury may disregard the testimony of such witness entirely." The 2d, 3d and 4th charges were in the exact words of the 1st charge, with the exception that they predicated a conviction upon the jury believing that the seduction was accomplished by means of arts, flattery or promise of marriage, respectively. The 5th charge was the same as the first, except that the conviction was predicated upon the jury believing that the seduction was accomplished by means of either temptations, arts, deception, flattery or promise of marriage.

The defendant requested the court to give to the jury, among other written charges, the following, and separately excepted to the court's refusal to give each of them as asked: (2.) "The court charges the jury that to authorize a conviction for seduction the woman must be chaste in fact at the time of her alleged seduction; the inquiry being not as to her character or reputation for chastity at the time of her alleged seduction; but as to her actual chastity at the time." (4.) "If the jury believe from the evidence that Beulah Rumsay had had sexual intercourse with any one prior to the time

when she alleges she was seduced by defendant, then she was not chaste at the time she alleges she was seduced by him, unless the evidence also shows that she had reformed before the alleged seduction by defendant."

H. W. CARDEN and C. DANIELS, for appellant, cited *Bain v. State,* 61 Ala. 75; *Hubbard v. State,* 72 Ala. 169; *White v. State,* 72 Ala. 200; *Wilson v. State,* 73 Ala. 527.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Smith v. State,* 107 Ala. 139.

HARALSON, J.—1. In a case of this character, the inquiry is not as to character or reputation of the prosecutrix, but as to her actual chastity at the time of the alleged seduction.—*Hussey's Case,* 86 Ala. 34; *Wilson's Case,* 73 Ala. 527.

The witness for defendant, Mat. Sanford, testified to facts the tendency of which was to impeach her chastity at that time. It was competent, therefore, for the prosecutrix in rebuttal, also to adduce evidence of her general character at that time.—*Smith's Case,* 107 Ala. 139. Proof of character in this respect, however, since the alleged seduction, is irrelevant to show chastity at the time of seduction. A woman who was unchaste when seduced, may have since reformed and established a good reputation, but it would not follow therefrom, that she was not unchaste at the time of her seduction. The proof in such cases, should be limited to character at the time of and previous to the alleged seduction.— *White's Case,* 111 Ala. 92; *Bracken's Case, Ib.* 68; 1 Brick. Dig. 513, §914.

The witness, Thomas Warren, was asked on cross-examination by the State, "If he knew the character of the prosecutrix, in the neighborhood where she lived, for chastity, before and after the time of her troubles with defendant?" Objection was raised by defendant on the ground that the question called for illegal, irrelevant and incompetent evidence. The evidence, it is presumed was called for in rebuttal to evidence by defendant tending to impeach her chastity. For this purpose, character up to the time of the alleged seduction

was, as we have seen, competent; but proof of such character after that time, was not proper. The objection was not to a part, but to the whole question and its answer, and as the objection was not limited to that part of the evidence sought, which was illegal, but was general, to that which was legal as well, it was properly overruled.

2. It is well settled that the giving or refusing a charge involving an inquiry into the sufficiency of the evidence to authorize a conviction, will compel a reversal of the judgment, where there was no proof of venue, and that where there has been no instruction going to the sufficiency of the evidence to convict, no reversal can be had on account of the absence of evidence of venue from a bill of exceptions reciting that it contained all the evidence, there being no point made in that connection in the court below.—*Hubbard's Case,* 72 Ala. 164; *Bowden's Case,* 91 Ala. 61, 62; *Dentler's Case,* 112 Ala. 70.

In this case there was full proof without conflict of the venue of the crime in Cherokee county, and no instruction was given or refused in respect to the sufficiency of this proof. Charge 1, given at the request of the State, which ignored proof of venue, fully established, was not, therefore, as contended, faulty on that account.—*Clarke's Case,* 78 Ala. 474.

3. Charge 6 for the State was free from error, and has been heretofore approved by us.—*Wilkins v. State,* 98 Ala. 1; *Miller's Case,* 107 Ala. 42; *Smith's Case, Ib.,* 140. And so was charge 10.—*Lewis' Case,* 88 Ala. 11; *Moore's Case,* 68 Ala. 360.

The other charges requested and given for the State, were correct instructions. See authorities cited sustaining them, under section 5503 of Code of 1896.

The chastity of the prosecutrix must be presumed, until the defendant introduces evidence to the contrary. The burden is on him to impeach it.—*Wilson's Case,* 73 Ala. *supra;* 21 Am. & Eng. Encyc. of Law, 1047, and authorities there cited. When he has introduced evidence sufficient to raise a reasonable doubt of the guilt of defendant, he is entitled to acquittal.—*Smith's Case, supra; Carney's Case,* 79 Ala. 14.

4. Charge 2 requested by defendant was properly refused. While asserting a generally correct proposition of law, it was calculated to confuse and mislead the

jury. Evidence had been introduced by the State tend-
ing to show the character of prosecutrix, up to the time
of the alleged seduction, in rebuttal of evidence by the
defendant tending to impeach her chastity at that time.
The giving of the charge would have tended to render
nugatory this rebutting evidence on the part of the
State.

5. Charge 4 requested by defendant and refused
seems to be free from error, and does not appear to have
been duplicated in other charges given at his request.
We do not deem it important to review the other re-
fused charges of defendant, as several of them are sub-
stantially duplicated in charges given at his request,
and because, from principles laid down above, the cause
may be retried without liability to error.

Reversed and remanded.