[DeYampert v. The State.]

# DeYampert *v.* The State.

## *Indictment for Seduction.*

1. *Evidence; effect of admission and subsequent exclusion of evidence.*—When evidence which has been improperly admitted, against the objection of the defendant, in a criminal case, is afterwards excluded and the jury instructed not to consider it for any purpose, the error in admitting it is corrected, and furnished no ground for reversal.

2. *Evidence; questions permissible on cross-examination.*—Upon the cross-examination of a witness, for the purpose of impeaching her testimony given on direct examination, it is permissible to ask questions, which, if answered in the affirmative, would have a tendency to contradict the testimony given on direct examination upon material matters.

3. *Seduction; what necessary to authorize conviction; charge of court to jury.*—On a trial under indictment for seduction, where the evidence shows that the offense was committed by a promise of marriage, a charge is erroneous and properly refused, which instructs the jury that "To justify DeYampert's conviction on the grounds of marriage, it is necessary that the jury should be convinced beyond a reasonable doubt that there was a marriage engagement between Nettie Penn, or a promise of marriage looking to an engagement or promise of marriage between Nettie Penn and A. W. DeYampert, and that in consequence of such promise, Nettie Penn surrendered her person to the gratification of his animal passions, and the court charges you that a mere promise of marriage and subsequent illicit cohabitation are not necessarily sufficient to make out the offense."

4. *Same; same.*—In such a case, a charge is erroneous and properly refused, which instructs the jury that a criminal intercourse with the prosecutrix after the promise of marriage, was not enough to justify his being convicted, "but that they must go further and believe from the evidence beyond a reasonable doubt that the promise of marriage was the exciting or producing cause of the criminal connection.

APPEAL from the City Court of Talladega.
Tried before the Hon. G. K. MILLER.
The appellant in this case was indicted, tried and con-

victed for seduction, and sentenced to five years' imprisonment in the penitentiary.

The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently set forth in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (4.) "To justify DeYampert's conviction on the ground of marriage, it is necessary that the jury should be convinced beyond a reasonable doubt that there was a marriage engagement between Nettie Penn or a promise looking to an engagement or a promise of marriage between Nettie Penn and A. W. DeYampert, and that in consequence of such promise, Nettie Penn surrendered her person to the gratification of his animal passions, and the court charges you that a mere promise of marriage and subsequent illicit cohabitation are not necessarily sufficient to make out the offense." (5.) "If the jury believe from the evidence beyond a reasonable doubt that a promise of marriage is claimed in this case to have been merely the means of seduction, and that the defendant promised to marry Nettie Penn, and after making such promise had a criminal connection with her, one or more times, this alone is not enough to find him guilty, but they must go further and believe from the evidence beyond a reasonable doubt that the promise of marriage was the exciting or producing cause of the criminal connection."

J. W. VANDIVER and W. T. EDWARDS, for appellant, cited *Wilson v. State*, 73 Ala. 532; *Tolliver v. State*, 94 Ala. 112; *Hughes v. Taylor*, 52 Ala. 519; *Munkers v. State*, 87 Ala. 98; *Gandy v. State*, 86 Ala. 20; *Bray v. State*, 118 Ala. 653; *Smith v. State*, 92 Ala. 69; *Jackson v. State*, 77 Ala. 18.

MASSEY WILSON, Attorney-General for the State. The error in the admission of the testimony was cured by its subsequent exclusion and instruction to the jury

by the court not to consider it.—*Smith v. State,* 107 Ala. 139; *Jackson v. State,* 94 Ala. 85.

The court did not err in refusing to allow the defendant to ask questions for the purpose of laying a predicate for contradicting him. The questions were not in reference to matters wholly immaterial.—*Crawford v. State,* 112 Ala. 1.

TYSON, J.—The subsequent exclusion and instruction by the court to the jury to disregard the several conversations between the prosecutrix and the defendant and the one had with her by Eason in the hearing and presence of defendant looking to an adjustment of the matter of the alleged seduction of the prosecutrix, if improperly admitted, cures the error and vitiates the exceptions reserved to their admissions—*Smith v. State,* 107 Ala. 139, 144, and cases there cited.

A number of predicates were attempted to be laid by questions propounded to the prosecutrix on cross-examination for the purpose of impeaching her testimony to which objections were interposed and sustained. The first of these, we think, clearly asked about immaterial matters and the objection to the question was correctly sustained. The next three involved an inquiry as to statements made by the prosecutrix, which, if she had been permitted to answer, and had answered affirmatively, would have had a tendency to contradict her testimony given on her examination in chief. And had she denied making the statement the defendant would have had the right to show by the person named that she made it. In other words, the statement asked for, if made by her, involved in some degree a contradiction of what she had on direct examination deposed to. The court erred in sustaining the objections.

There was no error in refusing the written charges requested.

Reversed and remanded.