## WILSON v. STATE. (6 Div. 725.)

(Court of Appeals of Alabama. Aug. 11, 1925. Rehearing Denied Oct. 27, 1925.)

**1. Criminal law ⬅829(1)—Special written charges, covered by oral charge, properly refused.**

Charges requested by defendant are properly refused where fairly and substantially covered by oral charge.

**2. Criminal law ⬅698(1)—Failure to object to evidence of repeated acts of intercourse consented to laying such evidence before jury, authorizing conviction thereon.**

In prosecution for seduction, defendant's failure to object to evidence of repeated acts of sexual intercourse rendered it competent for jury to base conviction on any act induced by statutory means if within time covered by indictment.

**3. Criminal law ⬅1170½(1)—Court's permitting leading questions as defendant's loving prosecutrix not prejudicial requiring reversal.**

In prosecution for seduction, permitting leading questions to be asked prosecutrix as to declarations of love by accused *held* not prejudicial; it being within province of court to permit leading questions.

**4. Seduction ⬅49—Conflicting testimony as to character of prosecutrix for chastity properly submitted to jury.**

In prosecution for seduction, conflicting testimony as to chastity of prosecutrix *held* properly submitted to jury.

**5. Seduction ⬅40—Testimony corroborative of prosecutrix admissible.**

In prosecution for seduction, testimony corroborative of prosecutrix is properly received.

Appeal from Circuit Court, Lamar County; R. L. Blanton, Judge.

George Wilson was convicted of seduction, and he appeals. Affirmed.

R. G. Redden, of Vernon, for appellant.

The state having failed to prove penetration at the time of seduction testified to by prosecutrix, there could be no conviction. Code 1907, § 7697; Waller v. State, 40 Ala. 325. Having elected to prosecute for a certain time and offense, evidence of penetration at a subsequent time was inadmissible. Wilson v. State, 73 Ala. 527. Evidence of anything that transpired after the offense was inadmissible. Davis v. State, 18 Ala. App. 482, 93 So. 269; Johnson v. State, 19 Ala. App. 141, 95 So. 583.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Evidence tending to corroborate the testimony of witness as to the main fact is properly admitted. Owens v. State, 19 Ala. App. 621, 99 So. 774. There is no error in the record.

BRICKEN, P. J. This appeal is from a judgment of conviction in the circuit court of Lamar county for seduction.

[1] The special written charges refused to defendant were identical with some of the charges given at his request. The propositions of law in these refused charges were also fairly and substantially covered by the court's oral charge. It follows therefore that there was no error in refusing said charges, as the court was under no duty to repeat propositions of law already stated or given to the jury.

The evidence of the state tended to make out a case of seduction as charged in the indictment, and, as there was also sufficient corroboratory evidence, the court properly submitted the case to the jury for its consideration and determination.

[2] It is insisted that the court committed error in its rulings upon the admission of testimony and several exceptions were reserved in this connection. The first insistence is that the state had offered testimony by the prosecutrix of an attempt to have sexual intercourse with her by defendant on Wednesday after the fourth Monday in February, 1923, and that the evidence as to this occurrence disclosed that he failed to penetrate or make an entrance of her private parts; and thereafter the state should not have been allowed to show by this witness the act of sexual intercourse testified to by her as having occurred between witness and defendant on the side of the road a few nights thereafter while he was carrying her home. The record also shows that this witness testified: "The next time was on Easter Sunday between home and Yellow creek." The vice of the insistence here made, and the reason why it cannot be sustained, is that no objection was interposed to this evidence nor exception reserved. Where a defendant on trial for an offense of this character fails to object to repeated acts of sexual intercourse, his failure to do so has the effect of consenting to the evidence of the several acts of sexual intercourse being laid before the jury, thereby making it competent for the jury to base a conviction on any act induced by statutory means if within the time covered by the indictment. There is direct authority for this holding. Pope v. State, 137 Ala. 56, 34 So. 840; Smith v.

State, 107 Ala. 139, 18 So. 306. In the Pope Case the court said:

"The state introduced the prosecutrix as a witness, and she testified to an act of sexual intercourse between them at a certain time and place; that this was the first time he had sexual intercourse with her, and that prior to this act he promised to marry her, and they had fixed the time for their marriage at the ensuing Christmas. After all this had been detailed by the witness, the state was allowed, against defendant's objection, to show by her that a week after this first connection defendant had sexual intercourse with her again, and that they continued to have sexual intercourse 'regularly' for some months afterwards. Defendant's objection was put on the ground that, by going into proof of the first sexual act in the way and to the extent we have indicated, the state had elected the time of the alleged seduction. We think the objection was well taken, and that the court erred in overruling it. See authorities cited on the brief for appellant. Of course, if the defendant had not objected to this evidence, but by not objecting consented to the several acts of sexual intercourse being laid before the jury, it would have been competent for the jury to base a conviction on any act induced by the statutory means, the woman being chaste prior to such act, and the act being within the period covered by the indictment."

The decision in the Pope Case, supra, is conclusive of the first insistence of error.

[3] The questions, "Did he say he loved you?" and, ' What did he say to you about loving you, if anything?" probably were leading, as contended by appellant, but we will not predicate reversible error upon these rulings, for it is within the province of the court to permit leading questions, and is often necessary. Moreover, we do not think the substantial rights of the defendant were injuriously affected by these rulings.

The letter introduced into evidence, over the objection of defendant, had been sufficiently identified and was properly allowed.

[4] There was a conflict in the evidence as to the character of prosecutrix for chastity. This question was properly submitted to the jury, and the court's rulings complained of in this connection were without error.

[5] Exceptions were reserved to other rulings of the court upon the testimony. These have been examined, but we discover no error of a reversible nature in any of them. The evidence was corroborative of the testimony of the prosecutrix, and therefore admissible.

No error appearing in any of the rulings of the court, and none apparent on the record, the judgment of conviction appealed from is affirmed.

Affirmed.