# REPORTS

OF

# CASES ARGUED AND DETERMINED

AT THE JANUARY TERM, 1870.

## GROGAN vs. THE STATE.

[APPLICATION IN SUPREME COURT FOR MANDAMUS, OR OTHER APPROPRIATE WRIT, TO COMPEL PETITIONER'S DISCHARGE FROM CUSTODY, UNDER AN INDICTMENT FOR AN ASSAULT WITH INTENT TO MURDER.]

1. *Section 3945 of Revised Code; constitutionality of.*—Section 3945 of the Revised Code is not void for want of conformity to the constitution of this State. (*Adhering* to the decision in *Hill v. The State*, at June term, 1869.)

2. *Jeopardy; word as used in the constitution defined and explained.*—The constitution of this State forbids that any person shall, for the same offense, be twice put in jeopardy of life or limb. The jeopardy here meant is that which arises on the final trial upon a charge for a criminal offense, and it commences as soon as the parties are at issue upon a sufficient indictment, and the case is submitted to the jury for their verdict. After this is done, the State can not enter a *nolle prosequi* without the consent of the defendant. If this is done, the defendant is entitled to be discharged as upon an acquittal, and this court will so discharge him.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. P. O. HARPER.

The opinion contains a full statement of the facts of the case.

JOHN D. BRANDON, for appellant.—1. What is meant by being put in jeopardy?—See Bouv. Law Dictionary; Con. of the State of Alabama, § 13; see, also, Bill of Rights.

2

2. If a cause has been submitted to a jury, and some evidence has been offered by the State, a withdrawal of the cause from the jury, unless in one or more of the cases allowed by statute, operates an acquittal.—*People v. Barrett & Ward*, 2 Carnes, 304; *Commonwealth v. Cook*, 6 Serg. & Rawles, 577.

3. A court has the power to discharge a jury in any case of pressing necessity. The judge determines the existence of the facts, and the law determines whether they constitute a case of necessity; that an unauthorized discharge of a jury is equally as fatal to any subsequent trial, as an acquittal or conviction.—See *Ned v. State*, 7 Porter, 187.

4. The discharge spoken of by Story, in his work on the Constitution, § 1781, and Rawle on the Constitution, 132, 133, must be understood to mean a legal discharge; for all the authorities agree in this, that if the prisoner be put on his trial on a sufficient indictment, and the evidence in support of the charge is submitted to the jury, the court can not arbitrarily interfere, and arrest the trial by discharging the jury; and if the court should discharge the jury before they deliver their verdict, without a sufficient legal reason for doing it, the prisoner shall never be tried again.—*Cobia v. The State*, 16 Ala. pp. 781–4.

5. What is a sufficient legal reason for discharging a jury? "If, after a jury retire, one of them becomes so sick as to prevent the discharge of his duty, or any other cause or accident occur to prevent their being kept together for deliberation, they may be discharged."—Code of Alabama, § 3603. A final adjournment of the court discharges the jury.—Code of Alabama, § 3604.

6. Read, particularly, *McCauley v. The State*, (26 Ala.) from last paragraph on page 138, to first paragraph on page 140.

7. The jury, in their deliberations upon the facts, are as independent of the court, as the judge, in determining the law, is of the jury; and the consequence is, that when a case has been submitted to a jury, there it must remain until it has been decided by them, or is withdrawn from their consideration, not at the will and pleasure of the

court, but under circumstances justified by the law.—*Mahala v. The State*, 10 Yerger, 235.

8. When a jury is empanneled for the trial of an indictment, the defendant then acquires new rights, which the court will protect, (not disregard, as in this case.)    When once put on his trial, and a jury sworn for that purpose, it is his right to have them pass upon his case.    Their verdict will be a bar to another indictment for the same offense ; a *nolle prosequi* will not.    He is entitled to his bar.    The attorney-general, finding his evidence insufficient, might discontinue for the purpose of commencing another prosecution, and then subjecting the defendant to another trial.    This the law will not permit.    In this stage of the proceedings, a *nolle prosequi* can not be entered without the consent of the defendant.—*Commonwealth v. Tuck*, 20 Pick. 356 ; *Mount v. The State*, 14 Ohio, 295.    This case is exactly analogous to the one at bar, so far as the right to *nol. pros.* is concerned.

In every trial of an indictable offense, it is an indispensable part of the proof, to be furnished by the State, that the offense was committed in the county in which it is charged in the indictment to have been committed.—*Solomon v. The State*, 27 Ala. ; *Brown v. The State*, 27 Ala. 27.

JOSHUA MORSE, Attorney-General, *contra.*

PETERS, J.—The appellant, Grogan, was indicted in the circuit court of Wilcox county, on the 28th day of May, 1868, for an assault on Robert Hinton, with intent to murder him.    This cause came on to be tried in said court, at the October term thereof, in 1869, when the defendant, having pleaded not guilty, went to trial, with a jury, on that plea.    For the purpose of trying the said defendant, a jury of good and lawful men were duly sworn and empanneled by the court, " to try the issue joined."    The record then states that, " after the evidence had been gone through with, and the solicitor for the State had opened the case to the jury, and the counsel for the defendant, Grogan, had made their arguments to the jury, the counsel for the defendant, Grogan, having made their point of law to the

court, that the circuit court of Wilcox county had no juris-
diction to try this cause," and the point thus made was
sustained by the court, " the solicitor, on behalf of the
State, moved the court to enter a *nolle prosequi* in this case,
and further moved the court, that the defendant, Patrick
T. Grogan, be bound over to appear at the next term of
the city court to be held in and for the county of Dallas,
in the State of Alabama, to answer such indictment as may
be found against him by the grand jury of the circuit court
of said Dallas county." To these motions the defendants
objected, and insisted, " that the jury be required to render
a verdict in said cause." These motions being heard, and
argument thereon being had before the court, they were
granted, and a *nolle prosequi* was entered by the court
against the consent and objection of the defendant, said
Grogan. And said Grogan was thereupon required by the
court to enter into bond, with security, in the sum of five
hundred dollars, conditioned that he appear at the next
term of the circuit court of said county of Dallas, and from
term to term thereafter until discharged by law, to answer
the offense of assault with intent to murder. Said bond
being given as required, said defendant was discharged by
the court. The court then further ordered, that the clerk
of the circuit court of Wilcox county forward to the clerk
of the circuit court of Dallas county a certified copy of
the judgment and proceedings in the case, which had been
entered in said circuit court of Wilcox county. These
were recitals made in the judgment of *nolle prosequi.*

There was also a bill of exceptions taken by the defend-
ant on the trial, which shows the same facts as those set
out in the judgment of the court above recited ; and also,
that after the cause had been submitted to the jury, and
all the testimony had been closed and the cause partly ar-
gued by counsel on both sides, " the State moved to enter
a *nolle prosequi*, and to bind the prisoner over to answer the
*same charge* in Dallas county. To this motion the prisoner
objected, and insisted that the jury be allowed to pass upon
the case, and to return a verdict of guilty or not guilty."
The court sustained the motion, and refused to permit the
jury to bring in a verdict, and discharged them, and bound

the defendant over to answer the same charge in Dallas county.    To all which the defendant excepted, and reserved the same in his bill of exceptions.

From this judgment of the court below the said defendant, Grogan, has appealed to this court, and he here assigns the proceedings in the court below for error; and also moves this court for a *mandamus*, or other proper writ, " to the end that the supreme court will direct the discharge of the said Patrick T. Grogan, as upon a final trial and acquittal on the issues joined on the indictment in the circuit court of Wilcox county."

It also appears from the bill of exceptions, that there was some testimony offered by defendant, that the offense with which the defendant below was charged, had been committed in the county of Dallas, and not within a quarter of a mile of the boundaries of the two counties of Dallas and Wilcox; and also, some testimony offered by the State, showing that the offense was committed within a quarter of a mile of said boundaries.

At the last term of this court, the validity of section 3945 of the Revised Code was considered.    It was then declared to be a constitutional law; and we have not since discovered any sufficient reason why that determination should not be adhered to.    We are, therefore, satisfied with that exposition of the law, and it is here now again affirmed. *Hill v. The State*, at June term, 1869; Const. Ala. of 1867, § 8 ; Revised Code, § 3945.

The constitutional guaranty against a second trial for the same offense is in these words, to-wit: "No person shall, for the same offense, be twice put in jeopardy of life or limb."—Const. Ala. 1867, art. 1, § 11.

The question of difficulty is to ascertain when this jeopardy begins; because, until it does begin, it can not be said to exist, and the constitutional protection can not be invoked.    Happily, the embarrasment that once encumbered this question has been long since removed.    At an early day in the judicial history of this State, this court settled the law to be, that "the unwarrantable discharge of a jury, after the evidence is closed, in a capital case, is equivalent to an acquittal."—*Ned v. The State*, 7 Por. 187, 203.    This

decision is in conformity with the law as settled at this day. A recent and carefully prepared work upon the subject of criminal law, lays down the rule in the following terms : " But when, according to the better opinion, the jury, being full, is sworn and added to the other branch of the court, and all the preliminary things of record are ready for the trial, the prisoner has reached the jeopardy from the repetition of which our constitutional rule protects him. During the trial, the prosecuting officer is not authorized to enter a *nolle prosequi ;* or, if he enters it, even with the consent of the judge ; or, if he withdraws a juryman, and so stops the hearing, the legal effect is an acquittal."— 1 Bish. Cr. Law, §§ 856, 858, (3d ed. 1865.) Such a procedure as that shown by the record in this case entitles the defendant to have a verdict of not guilty returned by the jury, and he can not be again brought into jeopardy for the same offense.—1 Bish. Cr. Law, § 858, and notes ; *The State v. Slack*, 6 Ala. 676 ; *Cobia v. The State*, 16 Ala. 781 ; *McAuley v. The State*, 26 Ala. 135.

Here the jury was regularly sworn and empanneled, the defendant went to trial on his plea, the evidence was closed on both sides, and the argument for the defense was finished. The trial was then stopped, and a *nolle prosequi* was entered without the consent of the defendant and against his objection. Under such a state of facts, the discharge of the jury was an acquittal of the defendant. This is the law, and it must be enforced. The defendant should have been discharged as soon as the *nolle prosequi* was entered. The court erred in failing to do so. And, as he can not be again tried for the same offense, to answer which he was bound over to appear at the Dallas circuit court, the proceedings in the court below are reversed, back to the judgment of *nolle prosequi*, and it is ordered and adjudged by this court, that the appellant, said Patrick T. Grogan, the defendant below, be discharged from further prosecution upon the charge of assault on said Robert Hinton, with the intent to murder him, said Hinton, as made and set forth in said indictment, found in said circuit court of Wilcox county, on said 28th day of May, 1868, and herein above referred to.

There will be no need for a *mandamus* if the order of the court in its judgment in this case is obeyed, as it doubtless will be. Therefore, the questions arising on a consideration of the motion for that writ are not discussed in this opinion.