# Sullivan *v.* The State.

*Prosecution for Carrying Concealed Weapons.*

1. *Proof of character, or reputation.*—In examining a witness on the question of character, counsel should be allowed to vary the phraseology of the question, so as to place the subject within the comprehension of the witness. The defendant having been the slave of witness' father until emancipated by the war, and continuing to live in the same neighborhood with witness for several years, and being well known to him, although the witness states, in answer to the first question, that he does not "know the general *reputation* of the defendant in the neighborhood in which he resides," counsel should be allowed to ask him, whether he knows the defendant's "general *character* in the neighborhood," and "whether his character as a peaceable and law-abiding man, in the neighborhood in which he lives, is good or otherwise."

2. *Argument of counsel to jury.*—It is exceedingly difficult to lay down a rule, beyond which counsel shall not be allowed to travel in their argument to the jury; and the presiding judge should not be severe in arresting the argument, because it may seem to him that the inference is forced, the analogy unnatural, or the argument illogical; yet counsel should not be allowed to comment, in their address to the jury, on evidence which was offered and excluded, and the court should arrest such argument on objection being made.

FROM the County Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

The defendant in this cause was prosecuted, on the complaint of one Frank Robinson, for carrying a pistol concealed about his person. On the trial, as the bill of exceptions states, the State introduced one Jeff Garner as a witness, who testified that, "within twelve months before the filing of the affidavit in this case, he went to the mountain in Madison county, to cut wood, and the defendant went with him; that the defendant had with him a pistol, which he carried in his boot, with his trowsers pulled down over his boot so as to conceal the pistol; that he took out the pistol, when they got to the mountain, and fired it at a tree, and laid it down by a log; and that he said he carried the pistol as described, to keep any body from seeing it." The State afterwards offered to prove, by Frank Robinson and Newman Jones, "that the defendant had carried a pistol concealed about his person at other times;" but this evidence was excluded by the court, on the objection of the defendant. On the part of the defendant, evidence was adduced showing that ill-feeling and jealousy existed between him and said Frank Robinson; that Robinson had made threats against him, which had been communicated to him; that Robinson's general reputation in the neighborhood was bad, "being a dangerous, fighting

[Sullivan v. The State.]

man, who had cut two men before that time," and one wit-
ness testified to the good character of the defendant.
"Charles Thomas, another witness for the defendant, testi-
fied that the defendant, at his birth, was the slave of witness'
father, and witness had known him all his life; that the de-
fendant had lived with witness' father till three years after
the war, and witness lived there during the same time; that
defendant lived, for six months, on a plantation adjoining
witness' place, and witness saw him often, and knew him well.
Defendant then asked said witness, ' Do you know the gen-
eral reputation of the defendant in the neighborhood in which
he resides'? The witness answered, 'No, sir.' Witness
further testified, that he lived within about four miles of
Newman Jones, and knew that defendant lived on said Jones'
place during the whole of last year. Defendant then asked
said witness these questions: ' Do you know the general
character of the defendant in the neighborhood in which he
resides'? 'Is the character of the defendant, in the neigh-
borhood in which he lives, as a man of peace and a law-abid-
ing man, good or otherwise'? 'Is the character of the
defendant good or bad'? The State objected to each of
these questions, and the court sustained the objections; to
which several rulings the defendant excepted. The court
held, that when the witness answered that he did not know
the general reputation of the defendant in his neighborhood,
such answer showed that he was not qualified to testify as to
defendant's character. The defendant sought to prove the
bad and dangerous character of said Frank Robinson as a
fighting man; but the court held that this could only be done
with or by witnesses who would first testify that they knew
his reputation in the neighborhood in which he lived; to
which ruling, also, the defendant excepted."

"In his argument to the jury, the solicitor referred to the
difficulty in securing convictions in criminal prosecutions, and
said, ' If the court had not excluded the evidence, we could
have proved that the defendant carried the pistol concealed
at various other times and places.' The defendant called on
the court not to allow the solicitor to base an argument on
evidence not admitted; the court said nothing, but the solic-
itor quit that part of his argument. After arguing the case
for a while, he resumed his argument in reference to the said
rejected evidence, when the defendant made the same objec-
tion, and said that he reserved an exception to the court's
allowing the solicitor to argue such rejected evidence. The
court said nothing. The solicitor, after arguing the case for
a while, again referred to said rejected evidence; the defend-
ant made the same objection; the court said nothing, and

the defendant again excepted to the court's allowing the solicitor to make any allusions to, and arguments upon, said rejected evidence."

These matters are now urged and assigned as error.

WALKER & SHELBY, for the appellant, cited *Haley v. The State*, 63 Ala. 87; *Bullard v. Lambert*, 40 Ala. 204; *Ward v. The State*, 28 Ala. 54; *McAdory v. The State*, 62 Ala. 162; *Tucker v. Henniker*, 41 N. H. 318; *Mitchum v. State*, 11 Geo. 616.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—In *Haley v. The State*, 63 Ala. 83, we said: " Character is the estimation in which one is held in the community; reputation—the estimate put upon him. This estimate may be just or unjust, true or false; still, it is character. It is judged by many things, some of which it would be difficult, if not impossible, to define. All the authorities admit, that what the public generally say of a person, and the manner in which he is received and treated in society, are among the tests by which his character is determined. * * But these are not the only sources of the witness' information. He may know his character, although he never heard it canvassed, and does not even know a majority of his neighbors." Reputation is, unquestionably, a source from which character is ascertained and determined. But, as we have shown, it is not the only source of information on which the conclusion is based. *Character* is a word of broader significance than *reputation*. True, the character which affects the question of guilt or credibility, in legal phrase, is almost the synonym of reputation—the estimate placed on the party by the public. But the non-professional witness cannot be presumed to know this. The question of general character or reputation, is one of difficult solution to a majority of witnesses. Counsel should be allowed to vary the phraseology, or sever the constituent parts or members of the sentence, so as to place the subject within the comprehension of the witness. We think the County Court erred, in not allowing an answer to the inquiry, whether the witness knew the general character of the defendant in the neighborhood in which he lived.

There is a second exception to the action of the court below, pending the trial there. Testimony was offered by the prosecuting attorney, which was ruled out as incompetent. In the argument to the jury, the said attorney stated to them what he could have proved, if the court had not ruled it illegal. Counsel for the defense asked the court to

[Sherry v. Brown.]

arrest this line of discussion. The court said nothing, but prosecuting counsel passed to another subject. Subsequently, the attorney for the prosecution referred to proof he could have made but for the ruling of the court. The court, being again appealed to, to interfere, said nothing, and defendant excepted. The prosecuting attorney again dropped that line of discussion. A third time, the attorney did the same thing; the same objection was made; the same silence of the court; an exception reserved, and the attorney again desisted from that line of discussion.

It is exceedingly difficult to lay down a rule, beyond which counsel shall not be allowed to travel in argument. Illustrations, analogies, inferences from facts proved, and, in many cases, from failure to introduce proof, or to explain suspicious conduct, when it appears reasonable that such explanatory fact could be proved, if it existed, are legitimate subjects of comment and argument. And presiding officers should not be severe in arresting such argument, on the ground that, to their minds, the analogy or inference is forced or unnatural, or that the argument employed is illogical. When necessary, that function can be much better performed in the charge to the jury. But, counsel should not be allowed to state, as facts, anything of which they have made no proof. Juries, under their oaths, can look only to the testimony allowed to go before them. True, they may draw natural and legitimate inferences from the facts developed, but they can go no farther. The County Court should not have allowed counsel to comment on testimony offered, but rejected as illegal. *McAdory v. The State*, 62 Ala. 154.

Reversed and remanded.