# Bowen *v.* The State.

*Prosecution for Running Flying Jennie without License.*

1. *Running flying-jennie without license; sufficiency of complaint.*—A complaint or affidavit which charges that the defendant "did run a flying-jennie in said county this day, without license, against the peace and dignity of the State of Alabama," sufficiently describes the offense of operating

[Bowen v. The State.]

a flying-jennie without a license, as is required by statute, (Code, § 4122, subd. 49).

2. *Same; sufficiency of evidence.*—One who collects fares from those riding on a flying-jennie aids and abets in the operation of the same; and, if such flying-jennie is operated without a license, such person is liable for the penalty for the violation of the statute requiring licenses from the operator of each flying-jennie, (Code, '§ 4122, subd. 49); and this is true whether such person owns an interest in the flying-jennie or only receives compensation for the services performed.

APPEAL from the County Court of Macon.

Tried before the Hon. M. B. ABERCROMBIE.

The appellant in this case was tried and convicted under an affidavit which charged "that Harvey Bowen did run a 'flying-jennie' in said county this day, without license against the peace and dignity of the State of Alabama." The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: '(1.) "Before the jury can convict the defendant they must believe from the evidence, and from the evidence alone, beyond a reasonable doubt, that he was interested in the proceeds or profits of running the flying-jennie, or else that he was employed in and about the running of same." (2.) "If the jury believe from the evidence that defendant rendered service in and about the running of the flying-jennie without receiving pay for such service, or without the expectation of receiving pay for such service, and if they further find from the evidence that defendant was not interested in the proceeds or profits of running the flying-jennie, then they must acquit him." (4.) "If the jury believe the evidence in this case, they must find the defendant not guilty."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited Black on Intoxicating Liquors, 380; 1 Am. & Eng. Ency. Law 62, n. 2; *Cagle v. State,* 87 Ala. 38;

*Gilmore v. State,* 28 So. Rep. 384; *Foster v. State,* 45 Ark. 361; *State v. Munson,* 25 Ohio St. 381; *Keller v. State,* 26 S. R. 323.

DOWDELL, J.—The record does not set out the demurrer, and for aught that appears it may have been entirely frivolous. Moreover, the offense as charged in the affidavit is sufficiently described to meet the requirements of the law in such cases, and we are unable to see that it was subject to demurrer.

The defendant was tried and convicted for a violation of subdivision 49, section 4122, Code of 1896. The evidence without dispute shows that the defendant collected the fares from those riding on the flying-jennie. In this, he aided and abetted in the operation of the same, and it is wholly immaterial whether he owned an interest in the flying-jennie, or received compensation for the services he performed. One who aids and abets in the commission of a misdemeanor is guilty as a principal under the law.—*Gilmore v. State,* 126 Ala. 21; *Keller v. State,* 123 Ala. 94; *Cagle v. State,* 87 Ala. 38.

The court committed no error in refusing the written charges requested by the defendant.

The judgment of the county court is affirmed.