# Pope *v.* The State.

## *Indictment for Seduction.*

1. *Seduction; election by State: admissibility of evidence.*—On a trial under an indictment for seduction, where the prosecutrix details the facts relating to the first sexual act of intercourse between her and the defendant, it is not competent for the State to show by the further testimony of the prosecutrix, against the objection of defendant, that after such first sexual act the defendant repeatedly had sexual intercourse with the prosecutrix; the State by proving the facts relating to the first sexual act, having elected the time of the alleged seduction, and the evidence relating to the subsequent acts is not admissible.

2. *Seduction; election by the State; charge of court to jury.*— On a trial under an indictment for seduction, where the court declines to hold the State to an election, but allows proof of several acts of sexual intercourse, and there is evidence tending to show that the first act was accomplished by means of force on the part of the defendant against the will of the prosecutrix, charges which instruct the jury that "If the female did not consent to the first act of sexual intercourse and the defendant had such intercourse by force and against her will, the jury must find him not guilty," are erroneous and properly refused.

3. *Argumentative and abstract charges* are properly refused.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The appellant in this case, Draper Pope, was indicted, tried and convicted for seduction, and was sentenced to the penitentiary for three years.

In addition to the facts testified to by the prosecutrix set forth in the opinion, she further testified that the first time the defendant had sexual intercourse with her, it was against her protest and although he promised to marry her, she did not consent, and was not willing to the commission of the act. The other testimony of the

prosecutrix tended to show that she interposed no objection to the subsequent sexual acts but consented thereto.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "There is no duty devolving upon this jury to convict or either acquit to elevate the colored race." (2.) "Unless the jury believe from the evidence beyond a reasonable doubt that the female willingly consented to the first act of sexual intercourse with the defendant he is not guilty." (3.) "If the female did not consent to the first act of sexual intercourse and the defendant had such intercourse by force and against her will, the jury must find him not guilty." (4.) "The jury must believe beyond a reasonable doubt from the evidence that the female willingly consented to the first act of sexual intercourse because of a promise of marriage, or because of arts, temptations, deceptions, or flattery used by the defendant, and not a desire to gratify passion only." (5.) "If the jury believe from the evidence that the prosecutrix yielded her virtue by reason of the force used by the defendant and not by means of temptation, deceptions, arts, flattery, or a promise of marriage on the part of the defendant, then they can not convict him." (6.) "The question of whether the colored race will be elevated by a conviction in this case is not a question to be considered by the jury." (7.) "If the jury are reasonably satisfied from the evidence that at the time of the alleged seduction defendant used force and had sexual intercourse with the female without her consent, the jury must find the defendant not guilty." (8.) "If the first time defendant had sexual intercourse with the female, if he did have sexual intercourse with her, the female being unwilling and not consenting to the act, and he accomplished the intercourse by force, the defendant is not guilty."

BOYKIN & LEE and ALTO V. LEE, for appellant.—This is a charge of seduction, not of rape, and not of adultery. Hence subsequent acts of adulterous intercourse are not competent evidence to prove the seduction. This testimony should have been excluded, and the court erred in

permitting evidence of adulterous acts of intercourse between the defendant and the woman alleged to have been seduced to go to the jury. Having elected as to the act of seduction the State can not introduce other acts of adulterous intercourse to show a seduction, unless it may be said that the first act was by force and against the woman's will, in which event the second act testified to was an election on the part of the State, and all subsequent acts of adulterous connection were incompetent. *Wickard v. State,* 109 Ala. 45; *Smith v. State,* 52 Ala. 384; *McPherson v. State,* 54 Ala. 221; *McCullough v. State,* 63 Ala. 75; *Bonham v. State,* 61 Ala. 22; *Carleton v. State,* 100 Ala. 130; *Williams v. State,* 77 Ala. 53; *Chappell v. State,* 86 Ala. 54; *Sullivan v. State,* 68 Ala. 599.

If the criminal act was done with force and against the woman's will, and this theory is supported by the evidence, the offense was rape and not seduction.—*McQuirk v. State,* 84 Ala. 435; *Dawkins v. State,* 58 Ala. 376; *Hooper v. State,* 106 Ala. 41; *Norris v. State,* 87 Ala. 85; *Jones v. State,* 90 Ala. 629; *Marcus v. State,* 58 Ala. 376; *State v. Murphey,* 6 Ala. 765; *Waller v. State,* 40 Ala. 325; *Jones v. State,* 104 Ala. 33; *Allen v. State,* 87 Ala. 107.

In seduction the evidence must show a promise of marriage or arts, temptations, flattery, deception, and in consequence of which the female surrenders her person to the gratification of the man. The one must depend upon the other.—*Cooper v. State,* 90 Ala. 641; *Carney v. State,* 79 Ala. 14; *Smith's Case,* 107 Ala. 139.

MASSEY WILSON, Attorney-General, for the State.—In prosecutions for seduction the State is not required to elect. Even if there is but one count in the indictment and the proof tends to show more than one act of sexual intercourse a conviction may properly be had, and the jury should not be confined to the consideration of the evidence which tends to establish any one particular act of intercourse.—*Smith v. State,* 107 Ala. 139; *Wilson v. State,* 73 Ala. 527; 21 Amer. & Eng. Encyc. of Law, (1st ed.), 1043.

McCLELLAN, C. J.—Prosecution for seduction. The State introduced the prosecutrix as a witness, and she testified to an act of sexual intercourse between them at a certain time and place, that this was the first time he had sexual intercourse with her and that prior to this act he promised to marry her, and they had fixed the time for their marriage at the ensuing Christmas. After all this had been detailed by the witness, the State was allowed against defendant's objection to show by her that a week after this first connection, defendant had sexual intercourse with her again, and that they continued to have sexual intercourse "regularly" for some months afterwards. Defendant's objection was put on the ground that by going into proof of the first sexual act in the way and to the extent we have indicated, the State had elected the time of the alleged seduction. We think the objection was well taken, and that the court erred in overruling it. See authorities cited on the brief for appellant. Of course, if the defendant had not objected to this evidence, but by not objecting consented to the several acts of sexual intercourse being laid before the jury, it would have been competent for the jury to base a conviction on any act induced by the statutory means, the woman being chaste prior to such act, and the act being within the period covered by the indictment, (*Smith v. State*, 107 Ala. 139) ; but that is a different question from the one here presented.

The 1st and 6th charges requested by defendant were mere arguments and, as the case is presented here, abstract.

As the case went to the jury, the court having declined to hold the State to an election as we have seen, charges 2, 3, 4, 5, 7, and 8 were properly refused. If the first intercourse was accomplished by means of force on the part of the defendant and against the will of the prosecutrix, she was thereby debauched in a physical but not in a moral sense, and was still chaste within the meaning of the statute, (Code, § 5503), so that seduction might be predicated of the second act of sexual connection, accomplished, as the evidence tends to show, with her consent induced by promise of marriage.

Reversed and remanded.