# Patterson v. The State.

## Murder.

(Decided May 8th, 1906, 41 So. Rep. 157.)

1. *Criminal Law; Venue; County Line.*—Proof that an offense was committed on an island in the Tennessee river a little nearer another county line than the line of the county in which the trial was had, is sufficient to support the venue in that county,

as it was evidently within a quarter of a mile of such county line, giving jurisdiction to such county under Sec. 4972, Code 1896.

2. *Same; Jurisdiction of Navigable Waters.*—The court trying the cause had jurisdiction thereof by virtue, also, of Sec. 1400, Code 1896, giving jurisdiction over navigable streams, not within the boundaries of any county, to either county whose jurisdiction extends to the margin of such streams.

3. *Homicide; Evidence; Materiality.*—Where the evidence tended to show that deceased brandished an axe at defendant and stated that he would split defendant's head, it was competent and material to show that the defendant saw the axe at the mill on the morning of the homicide, as tending to show that he knew the deceased did not have the axe at the time.

4. *Same; Previous Difficulty.*—Evidence of the particulars of a previous difficulty between deceased and defendant was properly excluded.

5. *Same; Duty to Retreat.*—One may not excuse his failure to retreat unless the circumstances were such as that his peril would have been increased thereby beyond what it would have been had he stood and defended himself, or were such as to impress the mind of a reasonable man that the peril would have been increased, and the defendant was so impressed.

6. *Homicide; Instructions; Self Defense; Entering into Difficulty.*— An instruction which fails to hypothesize that the defendant did not willingly enter into the difficulty, was bad as an instruction on self defense.

7. *Homicide; Instructions.*—A charge failing to hypothesize freedom from fault in bringing on the difficulty, the imminence of peril, and defendant's inabilitly to retreat, is not good as a charge on self defense.

8. *Criminal Law; Instructions Covered by Other Instructions.*—It is not error to refuse a requested instruction substantially covered by written instructions already given.

9. *Same; Argumentative Instructions.*—It is not error to refuse charges which state no legal proposition, but are merely argumentative.

10. *Same; Reasonable Doubt.*—A charge that if the evidence, or any part thereof, after a consideration of the whole of such evidence, generates a well founded doubt of the defendant's guilt, he must be acquitted, states a correct proposition of law. .

APPEAL from Lawrence Circuit Court.

Hear before HON. D. W. SPEAKE.

The defendant was indicted and tried for murder. After the state closed, the defendant introduced one John Lang, and offered to show by him that witness and defendant had gone down to the lower point of the island to feed the hogs, and they found deceased there with the wagon, and that while they were there a stranger came over from the north side of the river and proposed a game of craps to the deceased, and that deceased borrowed a dollar from the defendant and soon lost it in the game of craps with the stranger, who returned to the other side of the river. The deceased then remarked: "Well, Patterson, I don't owe you anything. I paid you back the dollar that I borrowed." Defendant replied that he had not paid him back the dollar, and the deceased then stated that the defendant was a g——d d——n liar, at the same time striking the defendant in the face. Deceased then stated that he could prove by the witness that he paid the dollar back, and witness said that, if he had paid it back, he didn't see it, and that deceased then called the witness a liar, and knocked him down with a piece of plank, and that he also knocked defendant down the second time, and cut him in the head with a mallet. The state objected to this testimony, and the court sustained the objection.

The court, in its oral charge to the jury, said: "I charge you, gentlemen of the jury, that malice in law does not necessarily mean hate or ill will, but is defined as any unlawful act wilfully done without just cause or legal excuse." The court further said in its oral charge: "In order for the defendant to sustain his plea of self-defense, it was necessary for him to retreat, if he could have done so without materially increasing his danger, and in this connection you can take into consideration the circumstances and conditions surrounding him."

The defendant then requested these written charges, which the court refused: Charge 2 1-2: "If the jury believe the evidence that at the time the defendant fired the fatal shot he was in imminent peril of life or limb, and that he was free from fault in bringing on the difficulty, and that he had no safe means of escape with-

out materially increasing his danger, then you must find the defendant not guilty." Charge 3: "I charge you, gentlemen of the jury, that if you believe from the evidence that Patterson was free from fault in bringing on the difficulty which resulted in the death of Davis, and you further believe from the evidence that at the time of the fatal encounter Davis was advancing on Patterson with a deadly weapon and in a threatening manner, and you further believe from the evidence that Patterson had no means of retreat without increasing his danger, then Patterson had the right to shoot and kill Davis in order to protect his own life, then you will find the defendant not guilty." Charge 8 1-2: "The jury can look to the fact, if it be a fact, that Patterson was a one-armed man, and the further fact, if it be a fact, that Davis was a strong and vigorous young man, in determining whether or not Patterson could have retreated with safety to himself." Charge 16: "I charge you, gentlemen of the jury, that if the evidence, or any part thereof, after a consideration of the whole of such evidence, generates a well founded doubt of defendant's guilt, the jury must acquit him." Charge 17: "If the jury believe from the evidence that at the time the defendant fired the fatal shot he was acting in defense of his life or to prevent great bodily harm, you must find the defendant not guilty." Charge 18: "The fact that defendant is a one-armed man is a circumstance to which the jury may look in determining whether the defendant could have safely withdrawn from the combat." Charge 20: "If the jury believe from the evidence that defendant and Davis met on the river bank, and that Davis brandished a hand ax at defendant, and stated that he was going to spit his head open, and if they further believe from the evidence that defendant was free from fault in bringing on the difficulty, and that he had no safe means of escape without materially increasing his danger, you must find the defendant not guilty."

C. M. SHERROD and HENRY JONES, for appellant.—Under the uncontroverted evidence, the venue was not in

[Patterson v. The State.]

Lawrence county.—Turner's Dig. p. 87. There is nothing to show that the award of the arbitrator's awarding this territory to Limestone county was ever revoked, and the burden is upon the state to prove venue as laid. —*Brown v. State,* 100 Ala. 92; *Stone v. State,* 105 Ala. 60; *Burks v. State,* 120 Ala. 386. The evidence objected to was admissible.—*Ryan v. State,* 100 Ala. 105. The court's definition of malice was erroneous.—1 Mayfield's Dig. 602. The court's oral charge as to the doctrine of self-defense was erroneous.—*Bell v. State,* 115 Ala. 25; *Thomas v. State,* 106 Ala. 20. The question of whether or not the defendant could have retreated, should have been left to the jury. This, the oral charge did not do.—*Fountain v. State,* 98 Ala. 40; *Stone v. State,* 105 Ala. 60; *Dill v. State,* 25 Ala. 15. Charges 2 1-2, 3, 8 1-2, 17, 18 and 20 assert correct propositions of law, and should have been given. The refusal of the court to give charge 16 was clearly erroneous.—*Hunt v. State,* 135 Ala. 1.

MASSEY WILSON, Attorney General, for the State.— The evidence offered by the defendant was properly excluded.—*Wood v. State,* 128 Ala. 27. The portion of the court's oral charge on the question of malice was correct.—*Cribbs v. State,* 86 Ala. 613; *Boulden v. State,* 102 Ala. 78. The court's charge as to retreat was correct.— *Reese v. State,* 135 Ala. 13; *Bell v. State,* 115 Ala. 25. It is only beyound a reasonable doubt that the state is required to convince the jury.—*Ross v. State,* 92 Ala. 28; *Thornton v. State,* 113 Ala .434. The court had jurisdiction of the offense. Confessedly the offense was committed with a quarter of a mile of the boundary line between Lawrence and Limestone counties.—*Taylor v. State,* 131 Ala. 36; *McKay v. State,* 110 Ala. 19; *Jackson v. State,* 90 Ala. 590. The jurisdiction belongs to both counties since the Tennessee river is a navigable stream and is not included within the limits of either county.—§ 1400, code 1896; *Jackson v. State, supra.*

SIMPSON, J.—The defendant was convicted under an indictment charging murder, committed in Lawrence

[Patterson v. The State.]

county. The position taken by appellee that the venue was not proved, because the offense was committed (if at all) on an island in the Tennessee river, a little nearer the Limestone county line than to that of Lawrence county, is untenable. The place was evidently within a fourth of a mile of the county line, as provided by § 4972 of the code of 1896; but, aside from that, this court has held that under § 1400 of the code of 1896 each county has jurisdiction over the Tennessee river to the margin of the stream on the opposite side.—*Jackson v. State,* 90 Ala. 590, 8 South. 862.

The exception to the question to the witness Davis, and the answer thereto, as to whether the defendant saw the hand ax at the mill in the morning, was properly overruled, as this was a material circumstance tending to show where the ax was.

There was no error in excluding the testimony of the witness Lang as to the particulars of the previous difficulty.—*Wood v. State,* 128 Ala. 27, 31, 29 South. 557, 86 Am. St. Rep. 71.

We find a conflict in our decisions as to whether definition of malice and the distinction between express malice and legal malice, as given by the court in its oral charge, is proper in a murder case. In *Cribbs v. State,* 86 Ala. 613, 6 South. 109, a similar charge was held erroneous, whereas in *Boulden v. State,* (also a murder case) 102 Ala. 86, 15 South. 341, a charge in legal principle the same was held to be correct. As the judgment of the lower court must be reversed for other reasons, it suffices to say that it will be safer upon another trial to so define malice as not to make the definition subject to the criticism of Clopton, J., in the *Cribbs Case, supra.* We do not determine whether we would or would not reverse the judgment upon that part of the oral charge referred to, if that were the pivotal point in this case.

That part of the oral charge of the court on the duty of a retreat is correct. "The law is that, to excuse the failure to retreat, the circumstances must be such as that the defendant's peril would have been increased thereby beyond that to which he would have been subjected had he stood and defended himself against his

[Patterson v. The State.]

assailant, or were such as to impress the mind of a reasonable man that the peril would have been increased and that he was so impressed."—*Bell v. State*, 115 Ala. 25, 29, 22 South. 526. The expression here used, "materially increased his danger," embodies the same words.

Charge 2 1-2, requested by the defendant, was substantially the same as charge 5, given by the court on request of defendant. Consequently there was no error in refusing it.

Charge 3, requested by the defendant, was properly refused, as it failed to hypothesize that the defendant did not willingly enter into the difficulty.—*Gilmore's Case*, 126 Ala. 22, 28 South. 595.

Charge 8 1-2, requested by the defendant, was argumentative and properly refused.

Charge 17 failed to hypothesize freedom from fault on the part of the defendant in bringing on the difficulty, nor did it hypothesize the imminence of the danger, nor inability to retreat, or the danger thereof.

Charge 18 was argumentative and properly refused.

Charge 20 was properly refused. Merely "brandishing" an ax did not necessarily show that deceased was about to use it on defendant, or that he was in imminent peril, or that defendant had reason to believe that he was in great peril.

Charge 16 asserts a correct prinicple of law and should have been given.—*Hunt v. State*, 135 Ala. 2, 23 South. 329.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur.