# Ingles v. The State.

## Unlawfully Killing Animal.

(Decided April 8, 1915.    68 South. 583.)

1. *Trial; Objections to Evidence; Time.*—Objections to testimony not made until after the witness has answered comes too late.

2. *Same; Sufficiency.*—A general objection to a question may be overruled under rule 33, Supreme Court Practice, without error.

3. *Animals; Unlawful Killing; Evidence.*—Where there was evidence that the hog was found dead in defendant's field, and that he furnished a gun to a third person and told such third person to kill the hog, and he did so, the fact that defendant shook down some peaches in the field where the hog was killed about the time he sent such third person with the gun, was admissible not only to show wantonness, but also to show defendant's connection with the killing.

4. *Witnesses; Cross-Examination; Knowledge.*—The statement of a witness in response to a question on cross-examination, that he did not know a fact except from hearsay, is properly received in evidence.

5. *New Trial; Denial; Criminal Case.*—At the time of the trial of this cause rulings on motion for new trial in a criminal case was not reviewable on appeal.

6. *Same; Grounds.*—The defense provided in section 6231, Code 1907, that defendant may show in justification or mitigation that the animal was trespassing, is confined to the original trial, and cannot be set up as ground for motion for new trial.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Sam Ingles was convicted of malicious injury to a hog, and he appeals. Affirmed.

MILO MOODY, and W. H. NORWOOD, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

BROWN, J.—The appellant was indicted for an offence denounced by section 6230 of the Code. The property alleged to have been killed or injured was a hog,

the property of one Hays, and the evidence on the part of the state tended to show that this particular hog was found dead in the defendant's field, and that the defendant furnished a gun to one Leadbetter and told him to kill this particular hog, and that Leadbetter killed six hogs, including the hog of Hays.

(1) After the state's witness had given this evidence in response to the question asked by the prosecuting attorney, defendant objected to the evidence on the ground that the defendant was only being prosecuted for killing the hog of Hays. The objection, being made, not to the question calling for it, but to the testimony after it was given, came too late, and was properly overruled.—*Downey v. State,* 115 Ala. 108, 22 South. 479.

(2) The objection to the question calling for the fact that the defendant had paid attorney's fees for the defense of the state's witness on a trial under an indictment for killing this same hog was a mere general objection without assigning any grounds, and was properly overruled.—Supreme Court rule 33; Code 1907, p. 1527; *Sanders v. Knox,* 57 Ala. 80.

(3) The evidence that the defendant shook down some peaches in the field where the hog was killed at or about the time he sent Leadbetter the gun was relevant as tending to show wantonness and defendant's connection with killing the hog.

(4) There was no error in overruling the motion to exclude the statement of Leadbetter that he did not know who killed the hog, except from hearsay. The witness did not state what he had been told, and his statement only showed a lack of knowledge on his part as to who killed the hog, and was in response to a question proper on cross-examination.

[Jordan v. The State.]

(5) The ruling of the court on motion for new trial in a criminal case is not subject to review on appeal.

(6) The defense afforded by section 6231 of the Code must be shown on the trial, and not by motion for new trial.

There is no error in the record, and the judgment is affirmed.

Affirmed.