(84 South. 638)

CHAMBERS v. STATE. (8 Div. 595.)

(Court of Appeals of Alabama. June 10, 1919.
On Rehearing June 30, 1919.)

1. INDICTMENT AND INFORMATION ⟨⟩6—STAT-
UTE, AUTHORIZING GRAND JURY IN ONE DIS-
TRICT TO INDICT FOR OFFENSES IN ANOTHER,
CONSTITUTIONAL.

Acts 1909 (Sp. Sess.) p. 16, § 8, authoriz-
ing a grand jury in Guntersville district of
Marshall county to indict for an offense com-
mitted in the Albertville division, is valid, not-
withstanding Const. § 6.

2. INDICTMENT AND INFORMATION ⟨⟩6—
GRAND JURY AT GUNTERSVILLE IN MAR-
SHALL COUNTY AUTHORIZED TO INDICT FOR
OFFENSES COMMITTED IN ALBERTVILLE DI-
VISION.

Acts 1909 (Sp. Sess.) p. 16, § 8, author-
izes a grand jury sitting as a part of the circuit
court of Marshall county at Guntersville to
indict for an offense committed in the Albert-
ville division of such county.

3. CRIMINAL LAW ⟨⟩753(2) — FAILURE TO
PROVE VENUE COULD NOT BE AVAILED OF
BY REQUEST OF AFFIRMATIVE CHARGE.

Failure of state to prove the venue cannot
be availed of by a request for the affirmative
charge, in the absence of an affirmative show-
ing that this failure of proof was called to the
attention of the court before the conclusion of
the argument in the case.

4. CRIMINAL LAW ⟨⟩695(2) — GENERAL OB-
JECTION TO EVIDENCE UNAVAILING, UNLESS
EVIDENCE MANIFESTLY ILLEGAL.

General objections to the admission of evi-
dence are unavailing, where the evidence is not
manifestly illegal and irrelevant and apparent-
ly incapable of being rendered admissible in
connection with other evidence.

5. CRIMINAL LAW ⟨⟩1153(4) — ALLOWANCE
OF LEADING QUESTIONS WITHIN DISCRETION
OF COURT.

The allowance of leading questions is a mat-
ter within the sound discretion of the court;
and, while this discretion should be so exercised
as not to prejudice the rights of the accused,
its exercise is not subject to review on appeal,
in the absence of a showing that the discretion
of the court was grossly abused.

6. CRIMINAL LAW ⟨⟩1036(1)—ACCUSED, NOT
INVOKING AID OF COURT, CANNOT COMPLAIN
OF LACK OF OPPORTUNITY TO EXAMINE DOC-
UMENTARY EVIDENCE.

Although an accused has the right to ex-
amine the documentary evidence offered on the
trial, and may invoke the power of the court to
this end, he cannot complain that he had no
opportunity to examine such evidence, where he
did not invoke the aid of the court, but relied
on the courtesy of opposing counsel in the
matter.

7. CRIMINAL LAW ⟨⟩718—PREJUDICIAL ER-
ROR TO ALLOW PROSECUTING ATTORNEY TO
GO BEYOND ISSUES UNDER THEORY ELECTED
TO BE PURSUED.

In a seduction case, the state having elected
to proceed solely upon the theory that the de-
fendant by a promise of marriage, seduced the
prosecutrix, and the court having recognized
and acted upon this election in such way as to
induce the defendant to rely on it in present-
ing his case to the jury, it was prejudicial er-
ror for the court, over the objection of the de-
fendant, to allow the prosecuting attorney in
his closing argument to go beyond the issues
as thus defined.

8. CRIMINAL LAW ⟨⟩678(1) — STATE HELD
NOT REQUIRED TO ELECT IN SEDUCTION
CASE.

If evidence offered by the state in a seduc-
tion case shows, or tends to show, that the
prosecutrix was induced to surrender her vir-
tue to the defendant as the result of tempta-
tion, deception, arts, flattery, and promise of
marriage, all combined, the state cannot be
required to elect as to which means used by
the defendant it will rely upon.

9. CRIMINAL LAW ⟨⟩728(5), 729 — COURT
SHOULD INSTRUCT JURY TO DISREGARD IM-
PROPER REMARKS WITHOUT REQUEST; WITH-
DRAWAL OF IMPROPER ARGUMENT DOES NOT
CURE ERROR.

When accused's counsel objected to im-
proper language employed by prosecuting attor-
ney in argument, and thus called the attention
of the court to it, it was not enough that the
offending counsel replied, "I will take it all
back," the audience laughing aloud in the pres-
ence and hearing of the jury, it being the duty
of the court to instruct the jury in clear terms
that such remarks were not legitimate argu-
ment and that they should not consider any-
thing thus said in their deliberations, and an
appeal to the court by accused's counsel for
corrective action is necessary.

Appeal from Circuit Court, Marshall Coun-
ty; W. W. Haralson, Judge.

Ben Chambers was convicted of seduction,
and he appeals. Reversed and remanded.
Certiorari denied. 203 Ala. 699, 84 South.
925.

Joseph P. Brown, of Boaz, and Street &
Bradford, of Guntersville, for appellant.

J. Q. Smith, Atty. Gen., Horace C. Wilkin-
son, Asst. Atty. Gen., and John A. Lusk, of
Guntersville, and A. E. Hawkins, of Ft.
Payne, for the State.

BROWN, P. J. In Kuykendall v. State, 76
South. 487,[1] and Evans v. State, 201 Ala. 693,
79 South. 240, it was held that the purpose
and effect of the act of the Legislature ap-
proved August 18, 1909 (Acts Spec. Sess.
1909, pp. 14, 17) was to divide the county of
Marshall "into two separate and distinct cir-
cuit court districts, the division sitting at
Albertville having exclusive jurisdiction
within its specified territory, and the divi-
sion sitting at Guntersville having exclusive
jurisdiction within the remainder of the
county."

The defendant was indicted by a grand
jury duly impaneled by the court sitting at

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 16 Ala. App. 197.

Guntersville for an offense alleged to have been committed in the Albertville district, and appellant contends, in view of the holding above stated, that the grand jury sitting in the Guntersville district was without jurisdiction over the offense, and for this reason the indictment is void, and will not sustain the judgment of conviction, supporting this contention by the citation of the following authorities: Finley v. State, 61 Ala. 201; Weston v. State, 63 Ala. 157; Billingslea v. State, 68 Ala. 490; Hall v. State, 134 Ala. 111, 32 South. 750.

[1] The "exclusive jurisdiction" conferred on the division of the circuit court authorized by the act to sit at Albertville is to "try and determine all civil and criminal causes of action arising within the territory" included in that division. Acts Spec. Sess. 1909, p. 15, § 2. And section 8 of the act provides that—

. "No grand jury shall be drawn to serve in said circuit court at Albertville but the regular grand jury of said county shall retain all the powers, exercise all of the jurisdiction and be charged with all the duties as heretofore."

The authority of the Legislature to authorize the grand jury in one division to indict for an offense committed in the other is beyond question. Logan v. U. S., 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429; 14 R. C. L. p. 156, § 5. The authority of the Legislature to extend the jurisdiction of a grand jury and the court of one county beyond the county line has been sustained in this state. Code 1907, § 7229; Hill v. State, 43 Ala. 345; Grogan v. State, 44 Ala. 9; Jackson v. State, 90 Ala. 594, 8 South. 862; Taylor v. State, 131 Ala. 39, 31 South. 371; Patterson v. State, 146 Ala. 39, 41 South. 157; State v. Lewis, 142 N. C. 626, 55 S. E. 600, 7 L. R. A. (N. S.) 669, 9 Ann. Cas. 604, and note.

[2] While section 6 of the Constitution guarantees to the accused a speedy public trial by an impartial jury of the county or district in which the offense was committed, there is nothing in the Constitution that compels an indictment by a grand jury drawn from the district in which the offense was committed. The indictment of defendant by the grand jury sitting as a part of the circuit court of Marshall county, at Guntersville, was clearly authorized by the act creating the two divisions.

[3] The failure of the state to prove the venue cannot be availed of by the request of the affirmative charge in the absence of an affirmative showing in the record that this failure of proof was called to the attention of the court before the conclusion of the argument in the case. Ray v. State, 16 Ala. App. 496, 79 South. 620.

[4] The numerous objections interposed by the defendant to the admission of evidence on the trial were general objections; no grounds of objection being stated. In such cases, where the evidence is not manifestly illegal and irrelevant and apparently incapable of being rendered admissible in connection with other evidence, such objections are unavailing. Sanders v. Knox, 57 Ala. 80; Ingles v. State, 13 Ala. App. 185, 68 South. 583; Salmon v. Salmon, 13 Ala. App. 514, 69 South. 304. We have examined the several rulings of the court on the admission of evidence, and find no reversible error therein.

[5] The allowance of leading questions is a matter within the sound discretion of the court, and while this discretion should be so exercised as not to prejudice the rights of the accused, its exercise is not subject to review on appeal, in the absence of a showing that the discretion of the court was grossly abused.

[6] It was the defendant's right to have an opportunity to examine the documentary evidence offered on the trial, and if the power of the court had been invoked to this end and its exercise refused, this action of the court would be subject to review, but in this case it appears that the defendant relied upon the courtesy of opposing counsel in the matter, rather than his right to call into exercise the power of the court in his behalf. Therefore there is nothing presented for review in this respect.

The letter designated "No. A" was subject to the construction placed upon it by counsel for the prosecution in his closing argument, and the ruling of the court with reference to this portion of the argument was free from error.

The bill of exceptions makes the following recital:

"Before beginning his closing argument for the defendant, the attorney making this argument asked the court if he intended to indicate whether or not he would give defendant a written charge, instructing the jury that unless the jury believed beyond all reasonable doubt that the defendant seduced prosecutrix by means of a promise of marriage, they should acquit him; the state having elected to rely upon such promise of marriage. The court stated that he would give such charge, and thereby caused the attorney for the defendant to abandon in his argument the other methods of seduction mentioned in the statute. Then when Mr. Lusk for the state began his closing argument, defendant's attorney interposed an objection to this argument to the jury by him, to wit: " 'Gentlemen of the jury, was there arts, was there temptation? Was there flattery?' The court overruled said objection, and to this action of the court the defendant then and there duly excepted. At this time, in quick succession, Mr. Lusk, for the state, turning to the jury: 'He objects to going to the penitentiary.' The audience, in the presence and hearing of the jury, burst forth with laughter. The defendant's attorney interposed an objection to remarks on the part of the state's counsel, producing laughter in the courtroom, and the court

then made this sort of statement; 'Gentlemen of the jury, that remark you have just heard will have no influence whatever on you; it is on the testimony you will consider the case.'"

[7] The state having elected to proceed solely upon the theory that the defendant, by a promise of marriage, seduced the prosecutrix, and the court having recognized and acted upon this election in such way as to induce the defendant to rely on it in presenting his case to the jury, it was prejudicial error for the court, over the objection of the defendant, to allow the prosecuting attorney in his closing argument to go beyond the issues as thus defined.

[8] We do not wish to be understood as holding that the state could be compelled to make such election unless the evidence offered "identified and individualized a transaction" as constituting the offense, which was induced by and resulted solely from a promise of marriage. 1 Mayf. Dig. 292, §§ 2, 3; Pope v. State, 137 Ala. 56, 34 South. 840; Herbert v. State, 201 Ala. 480, 78 South. 386.

To state the proposition in other words: If the evidence offered by the state shows, or tends to show, that the prosecutrix was induced to surrender her virtue to the defendant as the result of "temptation, deception, arts, flattery and promise of marriage," all combined, the state could not be required to elect as to which means used by the defendant it would rely upon. Brand v. State, 13 Ala. App. 391, 69 South. 379; Wilson v. State, 73 Ala. 532; Hall v. State, 134 Ala. 90, 32 South. 750.

[9] The bill of exceptions further recites:

"Continuing his closing argument for the state, Mr. Lusk made the following argument: 'Talk about coal mines? I have been prosecuting cases in the courthouse for 40 years—from the time I was 18 years old—and this is the most damnable case I have ever seen in the courthouse. If you could put it in your verdict to place the defendant in the middle of hell, the punishment would not be too great.'

"To this argument of counsel for the state the defendant objected, and the court sustained the objection, and to this action of the court, Mr. Lusk replied: 'I will take it all back.' To this latter remark, the audience laughed aloud in the presence and hearing of the jury."

In the motion for a new trial, the defendant assigned, among other reasons therefor, this argument of counsel and its probable influence, together with the outbursts of laughter and approval by the audience, in shaping the verdict of the jury.

The following utterances of Chief Justice Stone are here appropriate:

"We think the language complained of in this case should not have been indulged; and coming, as it did from able, eminent counsel, it was well calculated to exert an improper influence on the minds of the jurors. The court might, and probably should, have arrested it ex

mero motu. It is one of the highest judicial functions, to see the law impartially administered, and to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box. And when opposing counsel objected to the improper language employed, and called the attention of the court to it, it was not enough that offending counsel replied, 'Oh, well, I'll take it back.' Such remark cannot efface the impression. The court should have instructed the jury, in clear terms, that such remarks were not legitimate argument, and that they should not consider anything, thus said, in their deliberations. Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief." Wolffe v. Minnis, 74 Ala. 386, 389.

See, also, Sullivan v. State, 66 Ala. 48.

This language was approved in Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 351, 57 South. 876, Ann. Cas. 1914C, 1037, and on the authority of that case and cases hereafter cited we hold that the trial court erred in not granting the motion for a new trial. Cassemus v. State, 75 South. 267;[1] L. & N. R. R. Co. v. Orr, 91 Ala. 548, 8 South. 360; E. T. R. R. Co. v. Bayliss, 75 Ala. 466.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

## On Rehearing.

The Attorney General has applied for a rehearing submitting in support of his application an elaborate brief consisting of 11 pages, containing copious quotations from authorities and an elaborate argument, in which the court is earnestly urged to take back its deliverance, grant a rehearing, and affirm the judgment in this case. This diligence on the part of the state's representative is commendable, and requires notice, but we deem it not improper to say that the brief filed on submission of the case consisted of ten lines, without citation of a single authority pertinent to the questions presented by the application for rehearing. We have again examined the questions on which the court based the judgment of reversal, and find that the authorities cited in the brief supporting the application for rehearing are not applicable.

The cases cited as opposing the utterances on the first question, considered as reversible error, were not dealing with the question of confining the prosecution to the issues as defined by a positive election on the part of the state.

As to the second question presented, the authorities are likewise inapplicable. The argument here in question was not only objectionable in itself, but evoked from the spectators in the courtroom their approval and laughter, which was allowed to go unre-

[1] 16 Ala. App. 61.

buked and unreproved by the court, calculated to create "a general atmosphere of the case" highly prejudicial to the interests of the defendant, and calculated to influence the jury in shaping their verdict. These facts bring the case within the exception to the general rule thus stated in some of the authorities:

"The rule [requiring an appeal to the court for corrective action] is subject to the exception in the reported cases that if the improper remarks are of such character that neither rebuke nor retraction can destroy their sinister influence, a new trial should be promptly granted, regardless of the want of proper objection and exception." B. R., L. & P. Co. v. Gonzalez, 183 Ala. 287, 61 South. 80, Ann. Cas. 1916A, 543; Moulton v. State, 74 South. 454;[2] B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

We adhere to the views expressed in the original opinion and the application is therefore overruled.

Application overruled.